## COMMONWEALTH *vs.* HORACE W. BEAMAN.

A district attorney's signature to an indictment need not show for what district he is attorney.

Peafowls are subjects of larceny.

An indictment for stealing any animal, which does not state whether it is alive or dead, is not supported by evidence that it was dead when stolen; even if it is an animal which has the same appellation whether dead or alive.

Thus an indictment for stealing "one peahen" and "one turkey" in this commonwealth, is not supported by evidence of taking them alive in another state, and bringing them dead into this state.

INDICTMENT against Byron Dodge and Horace W. Beaman for sundry larcenies. The only count on which Beaman was convicted alleged that the defendants at Ludlow on the 30th of January 1857 " one peahen of the value of five dollars, and one turkey of the value of three dollars, of the goods and chattels of one Elam L. Pease, then and there in his possession being found, feloniously did steal, take and carry away, against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The indictment was signed " A true bill, Benning Leavitt, Foreman," and countersigned, " Edw. B. Gillett, District Attorney."

A trial was had in the court of common pleas in Hampden, at May term 1857, before *Morris*, J., to whose rulings Beaman alleged exceptions, in which the case was thus stated :

" Evidence was offered to prove, that said fowls were taken from the possession of the owner, Elam L. Pease, at Enfield, in the State of Connecticut, and were subsequently, within a few days, found dead in the possession of the defendants, in said county of Hampden. No evidence was introduced by the Commonwealth to prove what was the law in the State of Connecticut in regard to larceny, or that the taking of the property in question was a larceny under the law of that state. Pease testified that he bought said peahen and had owned her about three years, and fed her nearly every day at his door, and that she had young chickens ; and that he had owned said turkey about two months.

42 *

" The defendants asked the court to instruct the jury, and the court instructed them, that they could not convict the defendants unless they were satisfied that a larceny of said fowls was committed in the State of Connecticut. The defendants also asked the court to instruct the jury that, as the Commonwealth had introduced no evidence that this would be a larceny under the laws of Connecticut, they could not, for that reason, convict the defendants. Upon this point the court ruled and instructed the jury that this would be a larceny at common law, and that it was to be presumed to be a larceny under the laws of Connecticut, unless the contrary appeared.

" The defendants also asked the court to instruct the jury that a peahen was not the subject of larceny, as it does not serve for food, but is kept for whim and pleasure ; also that if said fowls were alive when originally taken from the possession of the owner in Connecticut, and were killed before being brought into this state, the nature of the property had so changed that the defendants could not be convicted for stealing it in this state; also that if said fowls were alive when originally taken from the possession of the owner in Connecticut, and were killed before being brought into this state, the defendants could not be convicted of stealing them in this state, because, it not being alleged in the indictment that the fowls were dead when stolen in said county of Hampden, they were to be considered as alleged to be live fowls, and there was therefore a fatal variance between the allegation and the proof. But the court refused to grant any of said instructions."

Beaman also moved in arrest of judgment, and excepted to the overruling of that motion,

" 1st. Because it does not appear that Edw. B. Gillett, who certifies said indictment as district attorney, was a district attorney for the western district of this commonwealth, and because he does not, as such, certify said indictment to be a true bill.

" 2d. Because the peahen, mentioned in said count, is not the subject of larceny, it being an animal kept for whim and pleasure, and not serving for food."

*E. W. Bond*, for the defendant.

*D. W. Alvord*, for the Commonwealth.

This case was decided at Boston in June 1858.

METCALF, J. The reasons assigned for the motion in arrest of judgment are wholly insufficient.

1. The signature of the district attorney, if it be necessary that it should be affixed, in any form, to an indictment, was properly affixed in this instance. The Rev. Sts. *c.* 13, § 39, authorize district attorneys to interchange the duties of their offices. Of course it is not necessary that it should appear, on an indictment, that he who certifies or attests it is the attorney for the district in which it is found.

2. Peacocks are among the domestic fowls which are the subject of larceny. 1 Hawk. *c.* 33, § 43. 2 East P. C. 607. 2 Russell on Crimes, (7th Amer. ed.) 82.

3. We are of opinion that the jury should have been instructed, as the defendants requested, " that if the said fowls were alive when originally taken from the possession of the owner in Connecticut, and were killed before being brought into this state, the defendants could not be convicted of stealing them in this state." The true legal reason for this instruction is stated in the prayer therefor. The law on this point is thus stated in the books: An indictment for a larceny of live animals need not state them to be alive, because the law will presume them to be so, unless the contrary be stated; but if, when stolen, the animals were dead, that fact must be stated; for, as the law would otherwise presume them to be alive, the variance would be fatal. Archb. Crim. Pl. (10th ed.) 171; (13th ed.) 49, 264. Rosc. Crim. Ev. (2d ed.) 577. 2 Deacon Crim. Law, 763. 3 Greenl. Ev. § 163. 2 East P. C. 607. *Rex* v. *Halloway*, 1 Car. & P. 128. *Rex* v. *Edwards & Walker*, Russ. & Ry. 497. In this last case, the defendants stole two turkeys in the county of Cambridge, killed them there, and then carried them into the county of Hertford, where the defendants were indicted for the larceny. The indictment charged them with stealing two live turkeys; and it was held that the word " live " could not be rejected as surplusage, and that, as the defendants had not the turkeys in a live state in the county of Hertford, the charge, as

Commonwealth *v.* Beaman.

laid, was not proved. The decision in that case must have been the same if the word "live" had not been inserted in the indictment; the word "turkeys," according to the authorities above cited, having the legal meaning of "live turkeys"; and so Holroyd, J., in that case, stated the law. That case cannot be distinguished, in principle, from the one now before us; for the same rule, which is applied to a felonious taking in one county and a carrying away into another, is applied to a felonious taking in one of the states of the Union and a carrying away into another. *Commonwealth* v. *Andrews*, 2 Mass. 14.

It was suggested by the counsel for the Commonwealth, that the rule of law on which the defendants rely, and which the court deem conclusive, is not applicable to this case; that "when an animal has the same appellation, whether it be alive or dead," (which is true of peacocks and turkeys,) "and it makes no difference, as to the charge, whether it be alive or dead, it may be called, in an indictment, when dead, by the appellation applicable to it when alive." And, in several modern English books, the rule is stated in the terms above quoted. But they all refer to the case of *Rex* v. *Puckering*, 1 Moody, 242, and 1 Lewin, 302. If that case, which was an indictment against a receiver and not against the thief, and the reports of which differ in some particulars, can be justly considered to support any distinction between animals that have the same appellation when dead and when alive, and other animals; we do not incline, on the authority of that case alone, to depart from what we have always supposed to be the legal meaning of an indictment charging the theft of an animal, without alleging it to be alive; namely, that it means a live animal.

*Exceptions sustained.*