JOSHUA HORSEMAN v. THE STATE.

1. VOLUNTARY RETURN OF STOLEN PROPERTY.—The statute reducing theft to a misdemeanor, (Paschal's Dig., art. 2397,) upon the voluntary return of the property stolen before prosecution, does not apply where the character of the property has been changed, as from live hogs to pork.

2. SAME.—The return after detection by the accused of the pork made from hogs stolen to the owner before prosecution does not comply with such statute.

APPEAL from Caldwell.   Tried below before the Hon. John P. White.

*Nix & Storey*, for appellant.

*George Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—Appellant, Joshua Horseman, is convicted of the theft of seven hogs, the property of Carter Riggins, proved to be of the value of $49. There was some evidence that the hogs were taken by mistake, with an honest claim. On this point, however, it is sufficient to say that the evidence of defendant was weak and indefinite, whilst on the other hand the circumstances against him were sufficient to justify the verdict. Riggins tracked his hogs, and, although they had been killed and their ears disfigured, was enabled to identify the freshly-killed hogs as his hogs, which had been seen on the preceding day in their usual range three and one-half miles

from where they were killed. Defendant agreed to return said hogs to Riggins and to pay him $35 damages because his hogs had been killed before they were fat. In fact, the hogs, only one of which had been partly cut up, were delivered to Riggins at his own smoke-house on that day by twelve o'clock.

Defendant also paid him a pony, valued at $30, in the damage. Under these circumstances it seems defendant claimed the benefit of article 2397, Paschal's Digest, which is, "If property taken under such circumstances as to constitute theft be voluntarily returned within a reasonable time before any prosecution is commenced therefor, the punishment shall be by fine not exceeding one thousand dollars." The court instructed the jury thus: "In order to entitle a party who has stolen property to have a reduction of his punishment, by having the offense reduced from a felony to a misdemeanor, by a voluntary return of the property to the owner within a reasonable time and before any prosecution commenced, the property must have been returned as it was when it was stolen: that is, its character must not be changed. There can be no voluntary return of property if the owner, having retaken possession of his property, then requires or makes an agreement with defendant to redeliver it to him." It is not necessary to inquire whether the construction given by the court to the statute is in all respects correct or not. Under the evidence the court might well have declined to charge on the subject, or, at all events, have stopped after charging that the statute had no application where the character of the property had been changed, as in this case, from live hogs to pork. It is the property stolen which must be returned; not a part of it only, nor its equivalent in value. The language of the law is satisfied with nothing less than the return of the entire property stolen substantially unchanged. There was no evidence of such a return; and whether the charge were in all respects cor-

rect or not, the defendant was not injured, and cannot complain. (Chandler *v*. The State, 2 Tex., 308.)

The judgment is affirmed.

AFFIRMED.