## MILLARD GRANT v. THE STATE.

1. CONTINUANCE.—An application for a continuance on account of absent witnesses does not show diligence by alleging the timely suing out of process for them, without stating what was done with the process.

2. Indictment.—"A certain hog" is sufficient description in an indictment for theft of such property. Identification of the animal is a matter of evidence.

3. Mitigation of Penalty by Voluntary Return of Stolen Property.—If the thief changes the character of the stolen property, as, for instance, by killing a live animal, his subsequent offer to return the property to the owner will not entitle him to mitigation of punishment under Article 759 of the Penal Code. Pasc. Dig., Art. 2397.

4. Same.—Nor does that provision intend that a thief caught in possession of property stolen by him can reduce a felony to a misdemeanor by then offering to give up or pay for the property.

5. Grand Jury.—The proper time to challenge the array of grand jurors is before they have been interrogated respecting their qualifications. A particular grand juror may be challenged after the qualifications of the grand jurors have been thus tested.

6. Charge on Weight of Evidence.—To instruct the jury that admissions of the defendant against himself are to be taken as true is a charge on the weight of evidence; and such a charge, if excepted to when given, would necessitate a reversal of the cause.

7. Same—Practice in this Court.—If a charge on the weight of evidence was not excepted to when given, but was first impugned in a motion for a new trial, this court will not reverse unless satisfied that, under all the circumstances, the charge was calculated to injure the rights of the appellant.

Appeal from the District Court of Medina.  Tried below before the Hon. T. M. Paschal.

In the opinion a reference is made to the 6th instruction given to the jury, which was as follows: "The declarations made by the defendant at the time he was found in possession of the hog, if freely and voluntarily made, and if not under arrest, when offered by himself in evidence, are admissible as such, and are entitled to such weight as you see proper to give them — those which are against himself being taken to be true."

The statements of the accused were elicited in evidence in his cross-examination of the principal witness for the state.

Such other facts as are material will be found in the opinion.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J. The defendant in the court below assigns quite a number of errors, which he says were committed upon the trial of this cause in the district court, viz. :

"1st. The court erred in overruling defendant's motion for a continuance."

The indictment was filed in the district court of Medina county, on October 3, 1876, as shown by the record. On October 10, 1876, the defendant filed his application for a continuance, for the want of the testimony of George Williams and Monroe Brackens, residents of Medina county. He states, in his application for continuance, that he had a subpœna issued for these witnesses on October 9, 1876, but does not state what was done with said subpœna after it was issued, or whether it was ever delivered to any officer authorized to execute it. Defendant does state in his application that he learned, for the first time, on the day of the issuance of said subpœna that he could prove an *alibi* by these witnesses—that he was with the witnesses, Williams and Brackens, all day on August 12, 1876, the day when the hog is alleged in the indictment to have been stolen. The application further shows that the defendant resides in the same house with Brackens.

The court properly overruled the motion for a continuance. It is not enough, in an application for a continuance, for the defendant to state that he had had a subpœna or an attachment issued for a witness, but he should also state what was done with the subpœna or attachment after it was issued. For aught that appears in the application or the transcript, that subpœna was never delivered to any officer authorized by law to serve it. *Murry* v. *The State*, 1 Texas Ct. of App. 174 ; *Buie* v. *The State*, 1 Texas Ct. of App. 452.

The record shows that R. S. Ragsdale testified that he, as a justice of the peace of Medina county, examined the case of *The State* v. *Millard Grant*, for the theft of a hog belonging to Moore, on August 16, 1876. The materiality of the testimony of these witnesses, the district judge doubtless believed, must have been known to the defendant as soon as he was charged with the theft of the property described in the indictment.

The 2d, 3d, and 4th assignment of errors are not well taken. The exceptions to the indictment were properly overruled. The indictment contains all the nine requisites in Article 2863, Paschal's Digest. In an indictment for the theft of a hog it is sufficient to describe the property stolen as "one certain hog." The identity of the hog as the animal stolen is a question of evidence. *Lunn* v. *The State*, 44 Texas, 85; Archb. Cr. Pl. & Pr. 399, and notes; 1 Whart. Prec. of Indict. 415, and note. The statute which makes the theft of a "hog" an offense, having used the generic term hog, it is sufficient if the indictment uses the term hog. If a statute makes a distinction between things belonging to the same class, it is then essentially necessary to indicate the particular thing, and the generic term will not do. *Banks* v. *The State*, 28 Texas, 648.

The testimony further shows that the defendant was found skinning the hog after it had been shot. He admitted that he killed the hog, but offered to return it to the owner or pay any price for it. His counsel asks to avail defendant of the benefit of Article 2397, which is as follows:

"Art. 2397. If property taken under such circumstances as to constitute theft be voluntarily returned within a reasonable time, and before any prosecution is commenced therefor, the punishment shall be by fine not exceeding one thousand dollars."

This section of the Criminal Code has no application when the character of the property has been changed, as, in this

instance, from a live to a dead animal. This section of our statute is satisfied with nothing less than the voluntary return of the entire property stolen, substantially unchanged. And, further than this, it never contemplated that a thief caught in possession of property stolen by him could reduce a felony to a misdemeanor by simply then offering to give up the stolen property or pay for it. *Horseman* v. *The State,* 43 Texas, 354.

There was no objection raised to the grand jury that found the bill of indictment, before it was organized, or challenge to any particular individual as a grand juror. The proper time for a challenge to the array of grand jurors is before they have been interrogated as to their qualifications. A challenge to any particular individual as a grand juror should be made after the qualifications of such juror have been tested by his own oath, and before he has been accepted on the grand jury. Pasc. Dig., Arts. 2830–2837. There is nothing in the record to show that there was any objection raised by the defendant to the petit jury that tried the cause, or to any member thereof, or that any error was committed in the organization of the petit jury.

The last clause of the 6th instruction given by the district court was a charge upon the weight of evidence, and, if it had been excepted to at the time, would require us to reverse the case. So far as the record shows, it was not excepted to at the time, and no counter-instructions were asked. The objection to the charge was raised for the first time in the motion for a new trial. Our supreme court say "that a charge upon the weight of evidence, if excepted to at the time by defendant, is made by statute an express ground of reversal; but, if not excepted to at the time, but the error is presented for the first time in a motion for a new trial, then its consideration by the supreme court is subject to another and very different rule, which is, Was such error, under all the circumstances as exhibited in the record, calcu-

lated to injure the rights of the defendant?" *Bishop* v. *The State*, 43 Texas, 390.   See, also, the case of *Alderson* v. *The State*, decided during the present term of this court, and the authorities there cited, *ante*, p. 10.

The admissions of a defendant voluntarily and freely made, when he is not under arrest, are proper evidence against him, and the declarations freely and voluntarily made by the defendant, when found in possession of property recently stolen, are proper testimony to go to the jury, to be considered and weighed by them with all the other testimony in the case, and are entitled to such weight as the jury see proper to give them.   We cannot possibly see how any injury could have resulted to the defendant from the last two lines in the 6th instruction given by the court to the jury.   In view of the testimony we cannot think it could have influenced the jury in finding their verdict.   The balance of the charge is unexceptionable, and clearly presented the law as applicable to every legitimate deduction which the jury could draw from the testimony.   We believe that the state proved, beyond a reasonable doubt, every material and necessary averment in the indictment.

The judgment is affirmed.

*Judgment affirmed.*