## BRITTON *v.* STATE.

Opinion delivered June 15, 1895.

RECEIVING STOLEN PROPERTY—VARIANCE.—One indicted for receiving a stolen hog cannot be convicted of receiving the pork into which the hog had been converted. So, under an indictment containing two counts, one for larceny of a hog, the other for receiving the hog knowing it to be stolen, where there was evidence that defendant assisted in concealing the theft of a hog, and received part of the pork into which the hog had been converted, and the court instructed the jury that if defendant received any portion of the hog, knowing it to be stolen, with intent to deprive the owner thereof, he would be guilty as chaged in the second count, a conviction upon a general verdict will be set aside, as it does not appear upon which count of the indictment defendant was convicted.

Appeal from Prairie Circuit Court, Northern District.

JAMES S. THOMAS, Judge.

The appellant, *pro se.*

The verdict in this was a general one. There was no proof that appellant stole the hog, and there is no proof that the amount of meat received was more than ten dollars. Hence there is a total failure of proof to sustain the verdict. 34 Ark. 532.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. There is evidence to support the verdict. 46 Ark. 141 ; 47 *id.* 196.

2. The bill of exceptions does not set out the instructions of the court. 46 Ark. 207.

HUGHES, J. The appellant was indicted for the larceny of a hog. He was charged in the first count of the indictment with stealing the hog, and in the second count with receiving the hog knowing that it had been stolen, with the intent to deprive the true owner thereof.

The jury returned a general verdict of guilty, and he was sentenced to one year's imprisonment in the penitentiary. The evidence tended to show that the hog had been stolen, and that the appellant knew of the theft, and assisted in concealing the head and offal; and that he also ate some of the pork into which the hog had been converted, at the home of another in whose employment he was at the time, and who, he said, had killed the hog. There is no proof of the value of the pork appearing in the record.

The following instruction was given to the jury over the objection of the defendant, to which he excepted at the time: "You are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant received any portion of the hog mentioned in the indictment, knowing that it had been stolen, with the intent to deprive the true owner thereof, he would be guilty, as charged in the second count of the indictment."

Upon an indictment for receiving a stolen hog, a defendant cannot be convicted of stealing the pork.

As it does not appear upon which count of the indictment the appellant was convicted, and as he may have been convicted and sentenced for receiving the pork, knowing it to have been stolen, the instruction referred to above is erroneous.

The judgment is reversed, and the cause is remanded for a new trial.