## W. M. BALLOW v. THE STATE.

No. 2234. Decided October 31, 1900.

1. **Theft of Animals—Indictment.**

An indictment charging the theft of a domestic animal, charges the theft of a live animal, and the proof to sustain the charge must show the subject of the theft to be a live animal.

2. **Theft of Hogs—Venue of Prosecution—Construction of Statute.**

Article 235, Code of Criminal Procedure, which provides that where property is stolen in one county and carried by offender into another, he may be prosecuted in either, must be construed, with reference to a charge of theft of hogs, to mean live hogs. If the animals were killed in the county where stolen, and the meat is carried into another county, this would not sustain the charge of theft of the animal. Where the nature of the property has been changed before being brought into the county of the prosecution, it must be described in the indictment in the form in which it was brought into the county.

APPEAL from the District Court of Wichita. Tried below before Hon. A. H. CARRIGAN.

Appeal from a conviction for theft of hogs; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Edgar Scurry* and *George E. Miller,* for appellant.—Where an indictment charges a defendant with stealing a domestic animal, without alleging whether or not it was alive at the time, the law presumes that the intention is to allege the theft of a living animal. Distinction drawn between dead and living animals: Common v. Beaman, 8 Grey (Mass.), 479; State v. Jenkins, 6 Jones L. (N. C.), 19; Peoples v. Smith, 112 Cal., 333; Penal Code, art. 44; Nightingale v. State, 94 Ga., 395; Thompson v. State, 30 Texas, 359; Rex. v. Ruckering,

1 Mood, 242; Rex v. Edwards & Walker, Reese & R., 497; Hoseman v. State, 43 Texas, 353.

The first count of the indictment herein upon which the defendant has been convicted charged the defendant with theft of "hogs," without alleging them to be alive or dead.

That portion of the Penal Code of Texas which provides a penalty for stealing domestic animals, specifying them by name, was intended to apply to such animals in a live state.

An indictment, charging theft of domestic animals, without alleging such animals to be dead when taken, is not supported by proof that the defendant took dead animals and not live ones. Thompson v. State, 30 Texas, 358; Common v. Beaman, 74 Mass., 497; Hunt v. State, 55 Ala., 138; Britton v. State, 31 S. W. Rep., 569.

Where property is stolen in one county and taken into another county, and the taker is prosecuted for the theft in the county into which such property is taken, the State must show a complete offense in the county of the prosecution. Roth v. State, 10 Texas Crim. App., 27; Gage v. State, 22 Texas Crim. App., 123; Nichols v. State, 28 Texas Crim. App., 105.

Theft of dead hogs is a misdemeanor if their value is less than $50. Penal Code, art. 870; Thompson v. State, 30 Texas, 358; Hunt v. State, 55 Ala., 138.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged by indictment with theft of hogs. The first count charged the theft of eight hogs, alleging possession to be in M. W. Boger at the time of taking; the second count charged theft of 1280 pounds of hog meat, of the value of $80, consisting of ten hogs in their uncleaned condition; the third count is similar to the first count, except it charges possession in John Hester; and the fourth count charges theft of ten dead hogs, of the value of $80, from the possession of John Hester. Upon the trial appellant was convicted under the first count of the indictment, and his punishment assessed at two years confinement in the penitentiary.

From an inspection of the testimony, it appears that the hogs, if any were taken, were taken in a live condition in Clay County, and were dead when brought to Wichita County. Article 235, Code of Criminal Procedure, provides: "Where property is stolen in one county and carried off by the offender to another, he may be prosecuted either in the county where he took the property or in any county from or into which he may have carried the same." As stated, if taken, they were taken in Clay County alive and brought to Wichita County dead. Under this state of facts, appellant asked the court to charge the jury: "Even though you find and believe from the evidence that defendant took the hogs in Clay County, Texas, in the manner and form as described in

the indictment, yet if you find at the time they were brought into Wichita County, Texas, if they were brought into said county, said hogs were dead, then you will find the defendant not guilty." The Supreme Court in Thompson v. State, 30 Texas, 358, held that where the code provides a penalty for stealing domestic animals, specifying them by name, it was intended to apply to such animals when in a live state; and where an indictment charges a defendant with stealing a domestic animal, without alleging whether or not it was alive at the time, the law presumes the intention is to allege the theft of a living animal,— citing Whart. Crim. Law, sec. 359. "If the nature of the property has been changed before being brought into the county of the prosecution, it must be described in the form in which it was brought into the county." McClain, Crim. Law, sec. 552. See also Common v. Beaman, 74 Mass., 497; Hunt v. State, 55 Ala., 138; Britton v. State (Ark.), 31 S. W. Rep., 569. Again, it has been held by this court that where property is stolen in one county and taken into another county, and the taker is prosecuted for the theft in the county into which said property is taken, the State must show a complete offense in the county of the prosecution. Roth v. State, 10 Texas Crim. App., 27; Gage v. State, 22 Texas Crim. App., 123; Clark v. State, 23 Texas Crim. App., 612; Nichols v. State, 28 Texas Crim. App., 105. Theft of dead hogs is a misdemeanor, if the value of the same is less than $50. Penal Code, art. 870; Thompson v. State, 30 Texas, 358. The State abandoned the second and fourth counts of the indictment, leaving the prosecution depending on the counts charging theft of live hogs. It follows, therefore, that the court should have given appellant's requested charge, since the evidence shows clearly that the hogs were dead at the time they were brought into Wichita County. We think the article of the statute above quoted contemplates that, when a prosecution is brought for stealing animals, it should be for the theft of live animals; that it is not a felony to steal a dead animal, unless the animal is worth over $50 at the time of the theft. This construction is borne out by the statute. The latter clause of the article reads, "or into which he may have carried the same." This necessarily means the same property, not dead, but alive, that was taken in the first instance. For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*