### W. M. Ballow v. The State.

No. 2235.　Decided October 31, 1900.

#### 1. Theft—Evidence—Res Inter Alios.

On a trial for theft of hogs, testimony by the prosecutor as to the finding of certain meat which was not identified as any portion of the stolen property, and as to what was done there, the defendant not being present, was res inter alios acta and inadmissible.

**2.. Same.**

On trial for theft of hogs, the introduction in evidence of a ham, brought into court by the prosecuting witness, was inadmissible, it not being identified as part of the stolen hogs.

**3. Impeachment of Defendant as Witness—Right of Corroboration.**

Where the testimony of a defendant in his own behalf has been attacked by an effort on the part of the State to show it was a recent fabrication, he, defendant, has the right to rebut said attack by showing that he made the same statement before there was any motive to fabricate.

**4. Irrelevant Testimony.**

Testimony which has no bearing upon any issue in the case is irrelevant and inadmissible.

**5. Theft of Hog—Indictment and Proof.**

Where an indictment charges the theft of hogs, it means live hogs, and the proof must sustain the theft of live hogs. Proof that the stolen property was pork or the meat of dead hogs would not sustain the indictment.

**6. Same—Venue of Prosecution—Jurisdiction.**

Article 235, Code of Criminal Procedure, which provides that the theft of animals in one county, which have been carried into another, may be prosecuted in the latter, means animals in their original state, and which have not been changed or transformed. And, where hogs have been stolen and killed in C. County, and the meat carried into W. County, the district court of W. County would have no jurisdiction under an indictment which charged the theft of the hogs.

**7. Same—Charge of Court.**

On a trial for theft of hogs, where it appeared without controversy that live hogs were taken in C. County, and were there killed and their carcasses taken into W. County, it was the duty of the court to instruct the jury to acquit the defendant.

APPEAL from the District Court of Wichita. Tried below before Hon. A. H. CARRIGAN.

Appeal from a conviction of theft of hogs; penalty, two years imprisonment in the penitentiary.

This is a companion case to Ballow v. State, ante, p. 261, and the facts are sufficiently shown in the opinion in that case.

*Edgar Scurry* and *George E. Miller,* for appellant.—The court erred in allowing the State to prove, over the objections of the defendant, that about April 1, 1900, more than one month after the time of the commission of the offense charged in the indictment herein, and after the arrest of the defendant, the prosecuting· witness, M. W. Boger, got from the place then occupied by the witness George Ficklin, certain hog meat consisting of shoulders, sides and hams, because same was immaterial, was res inter alios acta, was done out of the presence and hearing of the defendant, and defendant could not be bound thereby, and because said meat was not shown to have come from the hogs alleged to have belonged to said Boger, and was not shown to have come from the hogs in controversy herein, and said acts occurred long after the commission of the offense charged in the indictment, and long after the arrest of the defendant.

Evidence as to what became of the alleged stolen property after the arrest of defendant, and when defendant is not present, is hearsay,

res inter alios acta, and immaterial. Thompson v. State, 57 S. W. Rep., 805; Clay v. State, 51 S. W. Rep., 212; Cannada v. State, 29 Texas Crim. App., 537, same case, 16 S. W. Rep., 341; Byrd v. State, 26 Texas Crim. App., —.

The court erred in refusing to allow the defendant to prove the conversation between the defendant and Mrs. Sallie Wilson, in the latter part of December, 1899, had in the presence of Harry Wilson, because the same was material and admissible.

Whenever the testimony of a witness is attacked as a recent fabrication, then the party introducing such witness may corroborate him by showing that, before the issue was raised, he made statements consistent with his testimony on the stand. Bailey v. State, 9 Texas Crim. App., 98; Williams v. State, 24 Texas Crim. App., 637; Ball v. State, 31 Texas Crim. Rep., 214; Goode v. State, 32 Texas Crim. Rep., 505; Stephens v. State, 26 S. W. Rep., 728; Dicker v. State, 32 S. W. Rep., 541; Campbell v. State, 32 S. W. Rep., 774; Kirk v. State, 32 S. W. Rep., 1045; Parker v. State, 34 S. W. Rep., 265.

The court erred in admitting, over the objections of the defendant, the testimony of the witness, Campbell, to the effect that if he had found hogs in the valley of the Big Wichita River, in Clay County, Texas, in the fall of 1899, it was his intention to notify Wicker or his agent, Hammer, to get permission to kill such hogs. The secret intention of witness concerning what he expected to do in a certain contingency is immaterial and not binding on the defendant.

The court erred in the fourth paragraph of. this charge to the jury, because same is upon the weight of the evidence, and because the issue therein charged upon is not raised by the evidence.

It is error for the court to charge upon the weight of the evidence, or to charge upon the issue not raised by the evidence.

In his general charge to the jury the court instructed them as follows: "If you believe from the testimony, beyond a reasonable ·doubt, that the property described in the indictment had been stolen from M. W. Boger, and that recently thereafter the defendant was found in possession thereof, and when his possession was first questioned, he made an explanation of how he came by it, and you believe that such explanation is reasonable, and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true, and acquit the defendant. If, on the contrary, you believe such explanation was unreasonable and did not account for the defendant's possession in a manner consistent with his innocence, or you believe that the same accounted for defendant's possession in a manner consistent with his innocence, but if the State has shown the falsity thereof, then you will take the possession of defendant, together with his explanation, in connection with all the other facts and circumstances, if any, in evidence, and if you believe the defendant guilty beyond a reasonable doubt, you will so find, otherwise you will acquit the defendant."

. Where an indictment charges a defendant with stealing a domestic animal, without alleging whether or not it was alive at the time, the law presumes that the intention is to allege the theft of a living animal. Thompson v. State, 30 Texas, 359; Rex v. Ruckering, 1 Mood, 242; Rex v. Edwards & Walker, Reese & R., 497; Horseman v. State, 43 Texas, 353.

The first count of the indictment herein upon which the defendant has been convicted charged the defendant with theft of "hogs," without alleging them to be alive or dead.

That portion of the Penal Code of Texas which provides a penalty for stealing domestic animals, specifying them by name, was intended to apply to such animals in a live state.

An indictment, charging theft of domestic animals, without alleging such animals to be dead when taken, is not supported by proof that the defendant took dead animals and not live ones.

*W. T. Allen* and *Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of hog theft, and given two years in the penitentiary. Appellant was indicted in Wichita County. The indictment contained four counts; but the trial and conviction was under the first count, which charged appellant with the theft of ten hogs, the property of M. W. Boger, etc. Appellant assigns a number of errors, but, inasmuch as the case will have to be reversed, we will only consider such as will likely arise on another trial.

The court should have rejected the evidence introduced by the State, as presented in the fifth assignment of error, relating to the prosecutor, Boger, procuring certain meat from the place kept by witness George Strickland about April 1, 1900. This meat was not identified as any of the stolen property, and appellant was not present, and what was done there, as far as he was concerned, was res inter alios acta. Cannada v. State, 29 Texas Crim. App., 537; Clay v. State, 40 Texas Crim. Rep., 556. And the same remarks apply to appellant's seventh assignment of error, regarding the introduction of the ham brought into court by witness Boger.

We also believe the court should have admitted the testimony regarding the conversation between defendant and Mrs. Sallie Wilson, in the latter part of December, 1899, had in the presence of Harry Wilson. Defendant's testimony was attacked, and the State made it appear that his explanation and testimony given was a recent fabrication. In such case the authorities authorize it to be shown that he made the same statement before there was any motive to fabricate. Bailey v. State, 9 Texas Crim. App., 98; Dicker v. State (Texas Crim. App.), 32 S. W. Rep., 541, and authorities there cited.

It does not occur to us that the admission, over appellant's objection of the testimony of the witness Campbell, introduced by the State,

as to what he would have done if he had found hogs of Wicker's in the river bottom in Clay County, Texas, in the fall of 1899, was correct. We fail to see the bearing of this character of testimony upon any issue in the case.

Appellant complains of the action of the court refusing to give his special requested charges numbers 10 and 13. Both of these charges are to the effect that if the jury believe said hogs were taken under circumstances to constitute same theft in Clay County, and were killed, and their carcasses carried into Wichita County, appellant should be acquitted. Instead of giving said charges, the court gave the general charge on the subject of the theft of hogs, to the effect that, if the jury believed appellant fraudulently took said ten hogs from the possession of Boger, etc., in Clay County, Texas, and that he carried said property from Clay County into Wichita County, to find defendant guilty as charged in the first count of the indictment. This was, in effect, to instruct the jury that it was immaterial whether the hogs were alive or dead when carried into Wichita County. This, in our opinion, raises the most important question in the case. We have examined the record evidence in the transcript, and that testimony strongly supports, if it does not establish, defendant's theory, to the effect that the hogs were taken alive in Clay County, and there killed by being knocked in the head, and then carried into Wichita County. Appellant's contention is that article 235, Code of Criminal Procedure, relating to the venue, where property is stolen in one county and carried by the thief into another county, requires that the same property, and in the condition when stolen, must be carried by the thief into said other county before that county has jurisdiction, and, as a corollary to this, that the indictment charged the theft of live hogs, and that the live hogs must have been carried into the county of the prosecution before a conviction could be sustained in such county. On the other hand, the State insists that hogs are equally hogs, whether alive or dead, and that the statute is merely one of venue, and should be construed liberally, and that the taking of a live hog in one county, and there killing it and carrying the dead carcass into another county, is carrying the same property into said other county, and is in compliance with the statute authorizing venue in such county. It is not a new question in this State that, where an indictment alleges the theft of an animal as a hog, a horse, or a cow, or cattle, it refers to such animal in the live state. Thompson v. State, 30 Texas, 356; Horseman v. State, 43 Texas, 353. And in accord with this doctrine are the decisions of other States. See Hunt v. State, 55 Ala., 138; Commonwealth v. Beaman, 74 Mass., 497. Now, if the indictment charges only theft of live hogs, and live hogs were taken in Clay County, and were there killed, and not live hogs, but the carcasses or pork of said live hogs, were taken into Wichita County, it would seem to follow as a logical conclusion that not the same property, but a different character of property, was carried into the latter county. The animal had under-

gone a transformation from its original state when taken. Life, which may have given it a peculiar value, was extinct, and it was not the same hog as when in the pen or range in Clay County. If the venue, under such circumstances, could be maintained under our statute, it would not matter how many steps had been taken in the transformation; for if Wichita County would have jurisdiction where the pork was carried into it from Clay County, it would equally have jurisdiction if the same hog had been made into bacon and lard, and carried into said county, provided all the lard and bacon which formerly constituted the hog were carried into Wichita County. To reach this conclusion it does not matter whether we regard the common law fiction that the carrying of stolen property into another county is a distinct offense in the latter county, and that the completed offense must be shown in the county where the prosecution is had, as seems to be the doctrine of some of our authorities (see Roth v. State, 10 Texas Crim. App., 27; Dixon v. State, 15 Texas Crim. App., 480; Gage v. State, 22 Texas Crim. App., 123) or whether the matter is simply one of venue, controlled by our statute (as see Harrington v. State, 31 Texas Crim. App., 577). The result, in either event, is the same; that is, the identical property stolen must be carried into the county of the prosecution before a conviction can be sustained there. Otherwise, where raw material is taken in one county, and is there manufactured into some other kind of property, and thence carried into another county, a prosecution would be authorized under our statute in the latter county. Such we understand to be the object and purpose of our statute, which, in the opinion of the writer, is merely one to give venue in certain counties where property is stolen in one county and carried into another, and has no relation to the rule at common law, and does not require the common law to enable us to construe it, as it is plain and unambiguous in its terms, and it was entirely competent for the Legislature to give venue, as was done, regardless of the rule at common law. We accordingly hold that the requested charges on this subject should have been given. If it appeared, without controversy, that live hogs were taken in Clay County, and they were there killed, and their carcasses taken into Wichita County, it was the duty of the court to instruct the jury to acquit appellant. The judgment is reversed and the cause remanded.

*Reversed and remanded.*