FRANK NOBLE v. THE STATE.

No. 4379.   Decided March 7, 1917.

1.—Theft of Hog — Circumstantial Evidence — Original Taking — Rule Stated.

Where the State relies upon circumstantial evidence alone, and the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence, and in cases of theft, the main fact to be proved is the taking from the possession of the person in whom possession is laid, and if there is no direct evidence of such taking, a charge on circumstantial evidence is required. Following Stewart v. State, 71 Texas Crim. Rep., 480, 160 S. W. Rep., 381.

2.—Same—Admissions of Defendant—Circumstantial Evidence—Rule Stated:

Proof of an admission of the defendant will not relieve the court from the necessity of charging on circumstantial evidence in a theft case, unless the same is an unequivocal admission of the taking, and not only a process of inference of such main fact. Following Crowell v. State, 24 Texas Crim. App., 404.

### 3.—Same—Original Taking—Case Stated—Insufficiency of the Evidence.

Even assuming that the identity of the alleged hog stolen, which is doubtful, there is no direct evidence in the instant case that defendant was in possession of the hog at any time until after it was killed, and it being charged that the defendant stole the animal and not the meat, it is essential to connect him with the taking of the hog while it was a *hog* and before it became *pork*, and the circumstances in the case were not sufficient to prove this fact to sustain the conviction. Following Yarbrough v. State, 69 Texas Crim. Rep., 150, 151 S. W. Rep., 545, and other cases.

Appeal from the District Court of Marion. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Armistead & Benefield,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted and convicted for the theft of a hog, with his punishment fixed at two years confinement in the penitentiary. The only question raised for review is whether or not the evidence is sufficient to support the conviction.

G. B. O'Rear testified that he had charge of and was part owner of a sow and eight shoats that were running on the range; that he saw the sow and seven shoats run by him one afternoon between 5 and 6 o'clock; that after going home and after supper he went to hunt the missing shoat and that when he got near appellant's premises he saw some negroes out in the yard; that the next morning he and the sheriff went to appellant's premises and found on the table in appellant's house a hog which had been cut up, and part of it was gone; that he saw in the yard where the hog had been cleaned and saw the hair; that the skull of the hog had been "busted"; that he recognized the meat as having been from his hog by the size of the ears, the size of the meat and color of the hair, the weight of the hog, about seventy-five pounds, and the fact that it was a sow; that he took the meat home with him, claiming to own it; and that appellant made no statement. He and the sheriff testified that at a point about 200 yards from appellant's house on the road they noticed indications on the ground where something had been dragged, and followed this to a point about forty-five yards from the road, where they found indications that hogs had been rooting and where one had kicked and scuffled; that there was no sign of the dragging further than the road.

Sid Hart, a white man, and his wife testified that on the evening that the hog was lost, about 5 or 6 o'clock, they were driving along the road about 200 yards from appellant's house and saw lying in the road a black and white spotted hog, unmarked; that it was nearly dead; that they had passed an automobile or met one and that they saw

tracks of an automobile near where the hog lay and assumed that an automobile had struck it. No one was near the hog at the time, and Hart and his wife went to appellant's house and told appellant's wife about the hog they had seen in the road and advised her to get it out of the road, as it might be run over again. Appellant's wife testified that she acted upon this advice and found the hog and recognized it as belonging to her brother George, and that she and her little boy dragged it to her house, leaving it in the yard and that it was dead. Mrs. Hart further testified that the hog bore no appearance of having been hit in the head.

Appellant and his brother-in-law, George Waite, testified that they had gone to a store called Bonham Landing, about four miles from appellant's house, and had spent the afternoon there and returned to appellant's house between 8 and 9 o'clock, finding the hog dead in appellant's yard at the time they returned, recognized it as belonging to George Waite, had cleaned it and cut it up and that Waite had knocked it on the head with an ax. Two other witnesses testified that they saw appellant at Bonham Landing on the evening in question; that he left about 8 or 8:30 o'clock, and one of them testified that he had spent the afternoon there from 1 o'clock on.

Appellant and his wife claimed to have stated to the sheriff and O'Rear at the time that they found the meat that the hog belonged to George Waite. This was denied by O'Rear and the sheriff.

Appellant proved a good reputation.

The State relies upon circumstantial evidence alone. We quote from Branch's Ann. P. C., p. 1341: "If the main fact is proved as a matter of *inference* from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. In cases of theft the main fact to be proved is the *taking* from the possession of the person in whom possession is laid, and if there is no direct evidence of such *taking*—the main fact—a charge on circumstantial evidence is required." Many authorities are cited by the author, including the case of Stewart v. State, 71 Texas Crim. Rep., 480, 160 S. W. Rep., 381.

We quote also from the same page the following: "Proof of an admission of defendant will not relieve the court from the necessity of charging on circumstantial evidence in a theft case unless the same is an unequivocal admission of the *taking* of the property by defendant from the possession of the person in whom possession is laid, and if it is only by a process of inference that it can be determined that there is a confession or admission of such taking—the main fact—the court should charge on circumstantial evidence. Crowell v. State, 24 Texas Crim. App., 404, 6 S. W. Rep., 318; Willard v. State, 26 Texas Crim. App., 126, 9 S. W. Rep., 358; Pace v. State, 41 Texas Crim. Rep., 203, 53 S. W. Rep., 689; Gentry v. State, 41 Texas Crim. Rep., 497, 56 S. W. Rep., 68."

From a comparison of the facts of this case with those developed in the case of Watson v. State, 82 S. W. Rep., 514, it is very doubtful

whether the evidence is sufficient to identify the meat found in appellant's possession as having been from the hog which was lost by O'Rear.

Assuming, however, that the identity was proved, there is no direct evidence that appellant was in possession of the hog at any time until after it was killed. It is essential to connect him with *the taking of the hog while it was a hog and before it became pork,* because he is charged with the theft of the animal and not with the theft of the meat. The circumstance that the condition of the ground at a point about forty-five or fifty yards from the road and about 200 yards from appellant's house indicated that a hog had made a struggle and that something had been dragged to the road is not sufficient in our judgment, measured by the rule of circumstantial evidence laid down in Yarbrough v. State, 69 Texas Crim. Rep., 150, 151 S. W. Rep., 545, and numerous cases there cited, including Branch's Crim. Law, sec. 206, to show that appellant was present at the point mentioned, knocked the hog down and dragged it to the road to the exclusion of every other reasonable hypothesis raised by the evidence. The theory of the State was that O'Rear's hog was knocked down about 5 or 6 o'clock in the afternoon. Several witnesses testified that at that time the appellant was at a point about four miles distant from his home. By the testimony of Hart and his wife (white people) it is shown that they saw the hog at about that hour in the evening lying in the road apparently having been injured by an automobile. At the time they saw it appellant was not shown to have been present. On the contrary, they went to his house and informed his wife of the condition of the hog. He is not shown to have been seen. The manner of the hog's taking to his house is explained by his wife's testimony corroborated by the testimony of Hart and his wife, and this explanation, as well as the alibi proved, to say nothing of the weakness of the evidence of identity, are consistent with the innocence of the appellant of the theft of the hog. Spiller v. State, 61 Texas Crim. Rep., 555.

We must, therefore, conclude that the evidence fails to sustain this conviction and order that the judgment of the lower court be reversed and the cause remanded.

*Reversed and remanded.*