## JESSE REESE V. THE STATE.

### No. 11450.   Delivered April 11, 1928.

**1.—Receiving and Concealing Stolen Property—Charge of Court—On Defensive Issue—Improperly Refused.**

Where appellant was charged with receiving and concealing stolen property, to-wit:   One hog, and the evidence disclosed that he received and concealed one hog, after same was killed, this defensive issue should have been submitted to the jury in the court's charge.

**2.—Same—Continued.**

It is not a new question in this state that where an indictment alleges the theft of an animal, as a hog, a horse, or a cow, it refers to such animal in the live state.   The indictment in this case alleges that the defendant feloniously received a stolen hog, and the law presumes that a live animal was referred to, but the proof shows that he received the carcass of a hog after it had been killed.   There was then a fatal variance between the proof and the indictment.   Following Ballow v. State, 58 S. W. 1023; Noble v. State, 192 S. W. 1073 (Ark.), and other cases cited.

**3.—Same—Continued.**

If appellant received pork, and not a live hog, he was, we think, entitled to an acquittal under this indictment.   This was a felony, without regard to the value of the hog, while receiving and concealing pork under Art. 1410, P. C., the value of the pork would determine the grade of the offense.

Appeal from the District Court of Polk County.   Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for receiving and concealing stolen property, penalty three years in the penitentiary.

The opinion states the case.

*Rowe & Rowe* of Livingston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of receiving and concealing stolen property, to-wit, one hog; penalty three years in the penitentiary.

It is insisted, first, that the evidence conclusively shows that appellant received only pork and not a live hog, and if mistaken in this, that the evidence raised such issue and that the court erred in not instructing the jury to acquit if they found or had a reasonable doubt thereof that the hog in question was dead when received by appellant. The last point was properly raised in the trial court and presents the only question which we think necessary to discuss.

A witness testified that at about the date of this alleged offense he saw one Fred Guy driving the hogs of Branch toward the point where accomplices testify they were later killed by Guy and others, including appellant. State's witnesses who are admittedly accomplices testify that Guy procured the services of some negroes, including appellant, to kill and clean these hogs and that they were so killed and cleaned in consideration of a part of the pork for such services. That appellant, after assisting, received his agreed share of the pork and took some away. Subsequently the officers searched the several premises of the parties involved and found fresh pork and the carcass of one hog which was identified as belonging to Branch. It further appears from the testimony of the said accomplices that it was not known until after the hogs had been killed that they had been stolen; that Guy claimed them theretofore and exercised control over them, and that appellant's connection with them arose by reason of his employment by Guy to assist in their killing as aforesaid. The indictment in this case charges appellant in one count with the theft of Branch's hog and in others of receiving and concealing said hog.

Without a tedious recital of other facts, suffice it to say that in our opinion the aforesaid issue as claimed by appellant was clearly raised and should have been charged upon, if in law it constituted a defense.

In the case of Ballow v. State, 58 S. W. 1023, Judge Henderson, speaking for the court, says:

"It is not a new question in this state that where an indictment alleges the theft of an animal, as a hog, a horse, or cow, it refers to such animal in the live state."

The cases cited to sustain this are the following: Thompson v. State, 30 Texas, 356; Horseman v. State, 43 Texas, 353; Hunt v. State, 55 Ala. 138; Com. v. Beaman, 74 Mass. 497.

His reasoning in this case supports appellant's contention. To the same effect is the case of Noble v. State, 192 S. W. 1073; Ballow v. State, 58 S. W. 1022.

Discussing a similar question, the Supreme Court of Arkansas uses the following language:

"The indictment in this case alleges that the defendant feloniously received a stolen hog, and, as before stated, the law presumes that a live animal was referred to; but the proof shows that the defendant received the carcass of a hog which had been killed by another. There was, then, a fatal variance between the proof and the indictment, for proof of a dead animal does not satisfy the allegation in the indictment. Britton v. State, 61 Ark. 15, 31 S. W. 569; Commonwealth v. Beaman, 8 Gray 497; 2 Bishop on Crim. Proc., Sec. 708; Clark's Crim. Proc., p. 224." Hutchinson v. State, 83 S. W. 331.

If appellant received pork and not a live hog he was, we think, entitled to an acquittal under this indictment, which charges the receiving and concealing of a hog. This was a felony without regard to the value of the hog, as distinguished from the offense denounced in Art. 1410, P. C., under which appellant must be prosecuted for theft of pork, and the terms of which control a prosecution for receiving and concealing pork.

We forego discussion of the sufficiency of the evidence in view of the disposition we make of the case.

For the error above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.