REECE v. STATE.   (No. 11450.)

Court of Criminal Appeals of Texas.   April 11, 1928.

**1. Receiving stolen goods ☞9(2)—Evidence held to require submission of defense that hog was dead when defendant received it.**

In prosecution for receiving and concealing a stolen hog, refusal of trial court to instruct jury to acquit if they found or had a reasonable doubt thereof that the hog was dead when received by defendant *held* error, under evidence that defendant's services were procured to kill and clean hogs, and that it was not known until after the hogs were killed that they had been stolen.

**2. Receiving stolen goods ☞7(6)—Alleged death of stolen hog before defendant received it held to preclude defendant's conviction for receiving and concealing "hog"; "pork" {Pen. Code 1925, art. 1410).**

If defendant received stolen hog after it was dead, he was not guilty of receiving and concealing a "hog," but merely of receiving and concealing "pork," under Pen. Code 1925, art. 1410, relative to theft.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Pork; First and Second Series, Hog.]

Commissioners' Decision.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Jesse Reece was convicted of receiving and concealing stolen property, and he appeals. Reversed and remanded.

P. R. Rowe, of Livingston, and P. R. Rowe, Jr., of Houston, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Appellant was convicted of receiving and concealing stolen property, to wit, one hog; penalty, three years in the penitentiary.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] It is insisted, first, that the evidence conclusively shows that appellant received only pork and not a live hog, and, if mistaken in this, that the evidence raised such issue, and that the court erred in not instructing the jury to acquit if they found or had a reasonable doubt thereof that the hog in question was dead when received by appellant. The last point was properly raised in the trial court and presents the only question which we think necessary to discuss.

A witness testified that at about the date of this alleged offense he saw one Fred Guy driving the hogs of Branch towards the point where accomplices testify they were later killed by Guy and others, including appellant. State's witnesses, who are admittedly accomplices, testify that Guy procured the services of some negroes, including appellant, to kill and clean these hogs, and that they were so killed and cleaned in consideration of a part of the pork for such services; that appellant, after assisting, received his agreed share of the pork and took some away. Subsequently the officers searched the several premises of the parties involved and found fresh pork and the carcass of one hog which was identified as belonging to Branch. It further appears from the testimony of the said accomplices that it was not known until after the hogs had been killed that they had been stolen; that Guy claimed them theretofore and exercised control over them; and that appellant's connection with them arose by reason of his employment by Guy to assist in their killing, as aforesaid. The indictment in this case charges appellant in one count with the theft of Branch's hog, and in others of receiving and concealing said hog.

Without a tedious recital of other facts, suffice it to say that, in our opinion, the aforesaid issue as claimed by appellant was clearly raised and should have been charged upon, if in law it constituted a defense.

In the case of Ballow. v. State, 42 Tex. Cr. R. 263, 58 S. W. 1023, Judge Henderson, speaking for the court, says:

"It is not a new question in this state that, where an indictment alleges the theft of an animal as a hog, a horse, or a cow, or cattle, it refers to such animal in the live state."

The cases cited to sustain this are the following: Thompson v. State, 30 Tex. 356; Horseman v. State, 43 Tex. 353; Hunt v. State, 55 Ala. 138; Com. v. Beaman, 8 Gray (74 Mass.) 497.

His reasoning in this case supports appellant's contention. To the same effect are the cases of Noble v. State, 81 Tex. Cr. R. 28, 192 S. W. 1073, and Ballow v. State, 42 Tex. Cr. R. 261, 58 S. W. 1022.

Discussing a similar question, the Supreme Court of Arkansas uses the following language:

"The indictment in this case alleges that the defendant feloniously received a stolen hog, and, as before stated, the law presumes that a live animal was referred to; but the proof shows that the defendant received the carcass of a hog which had been killed by another. There was, then, a fatal variance between the proof and the indictment, for proof of a dead animal does not satisfy the allegation in the indictment. Britton v. State, 61 Ark. 15, 31 S. W. 569; Commonwealth v. Beaman, 8 Gray [Mass.] 497; 2 Bishop Crim. Proc. § 708; Clark's Crim. Proc. p. 224." Hutchinson v. State, 72 Ark. 640, 83 S. W. 331.

[2] If appellant received pork, and not a live hog, he was, we think, entitled to an acquittal under this indictment, which charges the receiving and concealing of a hog. This was a felony without regard to the value of the hog, as distinguished from the offense denounced in article 1410, P. C., under which appellant must be prosecuted for theft of pork, and the terms of which control a prosecution for receiving and concealing pork.

We forego discussion of the sufficiency of the evidence, in view of the disposition we make of the case.

For the error above discussed, the judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.