## W. N. GRANT v. THE STATE.

### No. 2241. Decided October 31, 1900.

**1. Theft of Animals.**

Where the theft of animals is charged in an indictment, under our statute, it means the theft of live animals.

**2. Theft of Hogs—Venue—Jurisdiction.**

Where the indictment charged the theft of hogs in W. County, and the evidence showed they were killed in C. County and then carried into W. County, there is a failure to sustain the allegations of theft of the animals; and the District Court of W. County was without jurisdiction, under said charge of theft, to try the offense of bringing the dead animals from C. County into W. County.

**3. Same—Evidence—Contemporaneous Offenses.**

On trial for the theft of eight hogs on the 10th of January, it was error to admit evidence that about two weeks thereafter defendant brought the dead stolen hogs into the county. The offenses were not contemporaneous, nor did the latter offense tend to prove identity or intent, or tend to develop the res gestae of the offense charged.

**4. Same.**

On the trial for theft of hogs, it was error to admit evidence that defendant sold salt pork some days after the alleged theft, which was not identified as part of the stolen animals.

**5. Same.**

On a trial for theft of hogs, it was error to admit the introduction of a ham in evidence before the jury, it not being in any manner identified with the alleged theft of the animals.

**6. Same.**

On a trial for theft of hogs, where defendant did not, as a defense, rely upon the fact that his codefendant had authority to take the animals, it was error to permit the State to prove by the owner of the animals that he had never given such authority to said codefendant.

**7. Same—Explanation of Recent Possession by Defendant—Charge.**

On a trial for theft of hogs, where defendant has made no explanation as to his possession, a charge of court upon that subject is erroneous, inasmuch as it assumes a fact injurious to defendant.

APPEAL from the District Court of Wichita. Tried below before Hon. A. H. CARRIGAN.

Appeal from a conviction of hog theft; penalty, two years imprisonment in the penitentiary.

This is a companion case to Ballow v. State, ante, p. 261.

The case is sufficiently stated in the opinion.

*Edgar Scurry* and *George E. Miller,* for appellant.

*W. T. Allen* and *Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of hog-theft. The indictment charges the theft of eight hogs. Another count charged the theft of eight dead hogs, of certain value; but upon the trial this count was dismissed, and the case proceeded to conviction upon the count charging the theft of live hogs. The evidence relied upon by the State is to the effect that the hogs were in a pen in Clay County, being fed, and while in said pen were knocked in the head, and thence carried into Wichita County. The question of venue was an important one; and upon this phase of the case appellant requested the court to charge the jury that, if the hogs were killed in Clay and carried into Wichita County, Wichita County would not have the right to try the case under the count upon which he was tried. Appellant reserved an exception to the refusal of the court to give this charge. This was error. See Ballow v. State, ante, p. 261. In addition to the reasons given in those decisions, it may be added that it is a rule of universal application in criminal trials that the evidence must correspond to the allegation contained in the indictment. Without even a dissenting opinion, the courts in Texas have universally held that where the theft of an animal is charged, under our statute, it means the theft of a live animal. The count upon which appellant was tried charged the theft, therefore, of live animals. Then the evidence must correspond with this allegation, and the proof must show live animals. The count for the theft of the dead hogs was dismissed by the prosecutor. Now, if the hogs were killed in Clay, and subsequently carried into Wichita County, it needs no argument to prove that they were not live animals, and there would be a failure to sustain the allegation upon which the State relied.

Appellant filed a motion to change the venue, and also for continuance. These need not be discussed, for if, upon another trial, these issues should be presented, they would come in different form.

Without discussing the bills of exception seriatim, there are two or three questions desired to be noticed:

Evidence was introduced by the State identifying two different transactions; the first being that defendant and his codefendant, Ballow, brought into Wichita County eight dead hogs. This was the 16th of January. About two weeks later they brought ten dead hogs into said county. Among the latter number was a "red, sandy hog." Exception was reserved to this testimony. This should have been sustained. Evidence of contemporaneous thefts are admissible in developing the res gestae, proving identity, or showing intent. But, to be admissible, it must not only be contemporaneous, but it must prove or tend to prove in a legitimate way one of these objects or purposes. These transactions were entirely different, in no way connected with each other, and were about two weeks apart. We are led to believe that the reason for the introduction of the evidence in regard to the second transaction was to prove the identity of the red, sandy hog, as being the property of the alleged owner. Appellant was tried for the theft of the eight hogs, and

not for the theft of the ten. The fact that the red, sandy hog may have belonged to the alleged owner, and was taken with the second lot of hogs, does not prove or tend to prove that the first eight hogs taken belonged to said owner.

Evidence was also admitted to the effect that defendant sold W. A. Robbs eighty-five pounds of dry salt pork on January 20th; also, 400 pounds about the 1st of February,—the two alleged thefts having occurred about the 16th and last days of January, respectively. This was objected to, and the objection should have been sustained. Ballow v. State, ante, p. 261. These remarks apply also with reference to the introduction of a ham in evidence before the jury.

For the prosecution, the witness Wicker was permitted to testify that he never at any time sold or gave to W. M. Ballow any hog meat, and never authorized said Ballow to take such meat. As against appellant, this testimony, as shown by the record, was not admissible. He had not defended upon the theory that Ballow had permission of Wicker to take his hogs. He was not present, and the matter, as it occurred, had no pertinency to appellant's case, and its only effect was to injure. If appellant had defended upon the theory that Ballow had authority to take hogs, and the hogs in question were those that Ballow had authority to take, this evidenve might have become admissible. But it is not necessary to enter into a discussion of that matter, as it was not relied upon by appellant.

The court charged the jury with reference to explanation by appellant of possession of recently stolen property. We have been unable to find any evidence in this record that justified the charge. If there is any evidence showing that appellant ever gave any explanation of his possession, it was not placed in the statement of facts. It is true, the State introduced a witness who testified that Ballow claimed to have authority from Wicker to take hogs; but that was introduced by the State, and, as defendant was not present when Ballow made the statement, he was in no way bound thereby. It assumed the existence of a fact which must have been injurious to appellant. Exception was reserved to this charge. It was erroneous. The judgment is reversed and the cause remanded.

*Reversed and remanded.*