## MATH GARDNER v. THE STATE.

### No. 4394. Decided February 24, 1909.

**1.—Theft—Evidence—Other Offenses—Charge of Court—Limiting Testimony.**

Where upon trial of theft the State introduced an accomplice as a witness who implicated the defendant with the theft charged in the information, and also another theft occurring some six days thereafter from another party, and there was no corroborating testimony as to the particular theft charged, the conviction could not be sustained. Besides the testimony as to the other theft was inadmissible; but having been admitted should have been limited by the court's charge.

**2.—Same—Evidence—Moral Turpitude.**

Upon trial for theft, testimony that defendant had been indicted for horse theft and murder some twenty-five or thirty years prior to his trial was too remote and inadmissible.

**3.—Same—Charge of Court—Accomplice.**

Upon trial for theft a charge of the court which failed to instruct the jury

that they must believe the testimony of the accomplice to be true, was reversible error.

Appeal from the County Court of Callahan. Tried below before the Hon. C. D. Russell.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $5.

The opinion states the case.

*Otis Bowyer* and *F. S. Bell,* for appellant.—On question of other offenses: Wyatt v. State, 55 Texas Crim. Rep., 73, 114 S. W. Rep., 812. On question of moral turpitude: Bogus v. State, 55 Texas Crim. Rep., 1; 114 S. W. Rep., 823.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of seed-cotton of the alleged value of $5, from Mason.

An accomplice by the name of Tom South testified in the case. He says that himself and Gardner went out to the place controlled by one Burleson, and en route stole some sacks from McIntosh; that when they reached Burleson's place they got one sack of cotton from a wagon and filled the other two sacks with cotton and carried them from that point and secreted them in a house on the place of Wyatt Hanks some five or six miles southwest of Burleson's place. Burleson found his sack with cotton in it in this house controlled by Hanks. A liveryman in the little village of Clyde testified that South hired a buggy and pair of horses which he said was for himself and Gardner. He further states that South and Gardner drove away in the buggy. One of the liveryman's employees testified that the buggy was returned next morning about five o'clock, and that Gardner and South were in the buggy and jointly paid for its hire. South testifies that this is the vehicle that they used in going down to Burleson's and taking the cotton from that point to Hanks'. There was a whip in the buggy when hired which was found the following day somewhere in the section of country where the cotton was taken. Objection was reserved to all this testimony because it did not serve to illustrate or connect the defendant with any of the matters alleged in the information and did not serve in any way to connect defendant with the theft of Mason's cotton which was alleged in the information to have been stolen. Some days elapsed between the two transactions, Mason's cotton having been taken on the night of the ninth and Burleson's on the night of the fourteenth. South testified that he and Gardner took Mason's cotton and carried it also to Hanks' place and put it in the same house in which they placed Burleson's. There is no corroboration of the accomplice

South as to Gardner's connection with the taking of Mason's cotton. There was no evidence introduced showing that Mason's cotton was carried to Hanks' place corroborative of the accomplice South. Mason could not identify any cotton, nor is there any evidence in the record to identify any cotton. There is some evidence of buggy tracks or tracks of a vehicle of some kind going in the direction of Hanks' place from Mason's, but that is very confused indeed and tends to show that the buggy tracks went in the direction of Abilene rather than towards Clyde. South says that he and appellant hired a buggy also to go to Mason's, but the liveryman does not corroborate him or undertake to corroborate him in this respect. The evidence from the liveryman and his employee is to the effect that South got a buggy on the night of the ninth, but they in no way connect Gardner with it, and did not see him either when the buggy left or when it was returned, nor did Gardner assist in paying for the hire of the vehicle on this occasion. Extraneous and contemporary crimes are sometimes admissible when they may tend to develop the res gestae, show the intent, system or connect the defendant with the crime for which he is being tried. But this is never the case where there is positive evidence introduced to support the State in regard to the cause on trial. The transaction in regard to the Mason theft is not corroborated by the fact that Burleson lost cotton five or six days afterwards. Nor does the fact that appellant went with South, if he did go with him, to take the Burleson cotton corroborate South in regard to the Mason transaction. They were entirely independent transactions and the corroboration, if there was any, of South in regard to the Burleson matter, could not be introduced to connect appellant with the Mason matter occurring five or six days prior to the Burleson transaction, under the facts of this case. We say, therefore, this testimony was not admissible. Being before the jury it ought to have been limited by the court's charge. This was not done. Exception was reserved and the special requested instructions were refused. The authorities are so clear and harmonious on the proposition, we deem it unnecessary to cite them.

The witness Hanks testified in behalf of the defendant and was required to answer that he had been indicted and convicted for horse-theft in Karnes County in 1878, and had been indicted for murder the same year, but had never been convicted for that offense. This was inadmissible as impeaching evidence. The transactions are too remote. The decisions of this court are harmonious to that effect.

The charge of the court with reference to accomplice's testimony in this case is not sufficient. It omits to instruct the jury that they must believe the testimony of the accomplice to be true, and in addition to believing the testimony of the accomplice, that he must.

be corroborated by evidence outside and beyond his own testimony, tending to connect defendant with the theft of Mason's cotton.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*