### George Jackson v. The State.

No. 1094.   Decided April 19, 1911.

**Theft of Cattle—Evidence—Removing Hide of Dead Animal.**

Where, upon trial of theft of cattle, the State's case depended upon the fact that defendant killed the alleged animal on a certain Monday for the purpose of taking the hide, it was reversible error not to permit testimony by the defendant to show that the animal, the carcass of which was supposed to be that of the stolen animal, and which was discovered on the Tuesday after the said Monday, had at least been dead four or five days; as it is not theft of the animal to remove its hide after it is dead.

Appeal from the District Court of Harrison.   Tried below before the Hon. W. C. Buford.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Y. D. Harrison* and *Beard & Davidson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of cattle theft. A brief summary of the case may be thus stated: The alleged owner, Campbell, owned a cow. The cow disappeared from home about Saturday, and on Tuesday several miles away the carcass of a dead animal was found by Campbell, which he says was his cow. This animal had been skinned. There is some evidence showing the animal had been shot in the forehead. On Tuesday Campbell, in company with Mr. Conner, were riding together, it seems, in search of the missing cow. Attracted by buzzards, they went to the spot where the carcass was found. Campbell testified that he examined the animal and identified it as his. Mr. Conner testified that Campbell was not certain about it, and the effect of his testimony was that Campbell thought the cow was his, and if he failed to find his cow on the range, then he would feel confident of the fact that the

dead cow was his.  It is not here undertaken to go into a detailed statement of the facts in this connection, as we do not consider this phase of it important in regard to the matters to be decided, as they are only incidental, therefore accuracy of details as to these matters is not important.

The State undertook to show that appellant sold the hide of an animal to Mr. Stein.  Campbell went to town and looked around for the hide that he supposed was his, and after investigating several places found one in Stein's possession that he claimed.  This was about Thursday after he had seen the dead animal in the woods. Some days later he went and made another search for the hide. Stein testifies in this connection that Campbell came to his house and identified the hide, and several days later came and identified another hide; that between the two dates of inspection by Campbell he had shipped away the first hide identified by Campbell.  The details of this phase of the testimony are not deemed to be necessary, therefore the matter is dismissed with the above general statement.

The State's theory was that the animal was killed on Monday, and if it was Campbell's animal, in order to make the State's case under the facts, and to show this was Campbell's animal, it was necessary to identify the animal in question as having been killed on Monday. The State undertook to strengthen this phase of the case by showing that appellant was at a certain negro residence, some mile and a half or such matter from where the animal was killed, on Monday evening.  There is some evidence introduced through Campbell as to a conversation that he had with appellant, and about which he and appellant both testified, their testimony being contradictory with reference to the matter, which was that appellant offered to pay for the cow and calf.  Appellant's testimony was that Campbell told him that if he did not pay that he would prosecute him, and that he did not offer to pay, and not only did not offer to pay, but emphatically denied having anything to do with the killing of the cow, and, therefore, he declined to pay.  There is some testimony corroborative of appellant in this respect.  As before stated, the State's case revolved around the fact mainly that the animal was killed on Monday, and skinned, and that the cow was killed by somebody, and such facts as the State could secure were introduced to connect appellant with it. It was a case of circumstantial evidence in this respect.  Nobody saw the killing and appellant was thought to be connected with it in the manner already stated.  Evidence was offered by appellant through the witness Conner, who was with Campbell and saw the dead animal, to show that at the time they saw it on Tuesday the cow had been dead at least four or five days.  This was indicated by all the environments, condition of the carcass, and matters of that character. The court excluded this evidence, and error is assigned upon the ruling.  The matter is properly presented by bill of exceptions.  In fact, there are two or three bills reserved to the rejection of this

character of testimony. We are of opinion this was error. The State sought to show by such circumstances as it could that the animal was killed on Monday. This was a matter of inference, as no one saw the killing, and if the animal had been dead four or five days at the time Campbell and Conner saw it, then it was not Campbell's animal, for the simple reason under the testimony the animal was killed before Campbell's cow left home. This character of testimony is clearly admissible. The State had relied largely upon the same character of testimony to convict. Certainly, it would not be denied appellant the right to meet this character of testimony by the best attainable evidence, and in this particular case this rule is made to bear more certainly by reason of the fact that the State was relying upon the same character of testimony to a considerable extent. See Morris v. State, 30 Texas Crim. App., 95. We cite this case, but hardly deem it necessary.

To restate the case, the State's theory was that appellant killed the cow for the purpose of securing its hide. If this was a fact appellant might be guilty of theft of the cow, but in order to make him guilty under this theory it must be shown beyond a reasonable doubt that he killed the cow for the purpose of getting the hide. Unless he killed the cow, and this was Campbell's cow, he would not be guilty of stealing the cow. It is not theft of an animal to remove the hide from a dead animal. So the State's whole case would depend upon the fact that appellant killed the cow on Monday and for the purpose of taking the hide. This approaches very closely to violation of the rule of placing one presumption upon another presumption, neither of which is with definite accuracy shown or supported. If appellant skinned the animal he would not be guilty unless he himself killed the animal for the purpose of stealing the hide.

It was clearly erroneous on the part of the court to reject the evidence above discussed, therefore the judgment is reversed and the cause is remanded.

*Reversed and remanded.*