### TULLOS v. STATE.
### No. 20371.

Court of Criminal Appeals of Texas.
April 19, 1939.

Griffin & Morehead, of Plainview, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft; the punishment, confinement in the penitentiary for two years.

Jim Tullos, Colonel Dodson and appellant were jointly indicted for the theft of twenty four kegs of nails and fifteen rolls of screen wire, of the value of $150, from R. E. Horne. Appellant alone was placed upon trial. Mr. Horne testified, in substance, that he lost the property described in the indictment from his lumber yard about the 16th of March, 1938. He recovered some of the property from a warehouse in Priddy, Texas, which was operated by Arnold Jeske. The state introduced Colonel Dodson, an accomplice witness, who testified that he, Ed Gibson, Johnny Wood and B. H. Tullos went to the lumber yard of R. E. Horne on the 16th of March, 1938, and stole the property described in the indictment. He testified further that, accompanied by appellant, they carried the property to Priddy, where he (Dodson) disposed of same to Arnold Jeske. Again, he testified that he told Jeske that his name was Jim Baker. He gave Jeske a bill of sale to the property, who, in turn, delivered a check to him, payable to Jim Baker. The amount of the check was $58.50. At this juncture we quote from the testimony of the witness, as follows: "After I got the money I went out the door—stood there a minute looking across the street to see if I could see Bug Tullos. I seen him sitting over in a car across the street with Jim Tullos and Nell Green. Then I went across over there afoot where they were at. They told me to get my pick-up and follow them out of town. * * * I went back over to the store, got the pick-up around on the back side, drove around, followed them on out a half a mile, and then turned a quarter of a mile to the west. I stopped and they stopped after they turned a quarter of a mile back west. I then pulled up the side of them, got out of the pick-up and got in the back seat of their car and handed Bug, this defendant, the money. I got fifteen out of it. He give me $15 and he give Jim some." Nell Green testified to having gone with appellant and Dodson to Priddy.

Mrs. Gibson testified that on the 16th of March, 1938, she heard a conversation between appellant and Colonel Dodson in her laundry relative to a keg of nails. She said: "They were talking low and I remember that part of it. They also said something about a trip. Talking about go-

ing somewhere. Something was said about a keg of nails. I believe I heard them talk about what they would get out of it. What they should get out of it."

Arnold Jeske testified that he bought the property in question from Jim Tullos and Colonel Dodson on the 17th of March, 1938, for $58.50. He said Dodson told him his name was Baker. He testified that appellant was not present when the sale was made and had nothing to do with selling the property.

Appellant did not testify. He introduced several witnesses who testified that his general reputation as a peaceable and law-abiding citizen was good. The state made no effort to controvert the testimony of the witnesses last mentioned except to introduce proof to the effect that appellant and Colonel Dodson had burglarized Mr. Horne's lumber yard on the 10th of March, 1938.

■ To the introduction of the proof last mentioned appellant objected on the ground that it related to an extraneous offense. The objection was well taken. The burglary of the lumber yard occurred approximately six days prior to the theft for which appellant was on trial. The evidence clearly shows that there was no question of intent in the case. No affirmative defensive theory was advanced in the testimony of appellant's witnesses. The state relied upon direct evidence. The prior burglary shed no light upon the transaction involved in the present case. In Branch's Ann.P.C., sec. 166, it is said: "When the state's testimony, if believed, leaves no question as to the intent or identity of defendant, proof of an independent crime is not admissible on the issue of intent or identity." We quote further from said section: "When there is positive testimony to support the state's case, proof of other independent offenses is not admissible." See, also, Gardner v. State, 55 Tex.Cr.R. 400, 117 S.W. 148; Bowman v. State, 70 Tex.Cr.R. 22, 155 S.W. 939; Grant v. State, 42 Tex.Cr.R. 273, 58 S.W. 1026; McGowan v. State, 117 Tex.Cr.R. 74, 36 S.W.2d 156. It is true that appellant received the minimum penalty, but it is to be remembered that the state largely relied for a conviction upon the testimony of a self-confessed thief who admitted upon cross-examination that he had been indicted for other offenses. Again, the court submitted to the jury the question as to whether Arnold Jeske, Nell Green and

Mrs. C. E. Gibson were accomplice witnesses. Under all of the circumstances reflected by the record, we would not feel warranted in holding that the improper reception of the testimony touching the extraneous offense was harmless. Such testimony might have brought about appellant's conviction.

■ Appellant objected to the charge on accomplice testimony on the ground that it merely required the jury to believe that such testimony connected the appellant with the commission of the offense. We do not predicate a reversal upon this error, but call attention to the case of Quinn v. State, Tex.Cr.App., 123 S.W.2d 890, for a discussion of the question.

The argument complained of will not likely occur upon another trial.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.