**Vernell GRAHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45384.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Dec. 20, 1972.

Melvyn Carson Bruder, Dallas (Court Appointed on Appeal), Barry P. Helft, Dallas (Court Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with intent to commit theft. A prior conviction for burglary with intent to commit theft was alleged and proved for the purpose of enhancement of punishment under the provisions of Article 62, Vernon's Ann.P.C. The punishment was assessed at twelve years imprisonment.

The appellant's first ground of error challenges the sufficiency of the evidence. In his brief, "the appellant does not dispute the fact that he committed a breaking and entry of the Southland Supply Company building," but he urges that the "State wholly failed to prove the existence of specific intent on the part of the appellant to commit a theft at the time the breaking took place."

The appellant was arrested during the nighttime in an alley and at the time he was apprehended by the police, he had one leg on the ground and the other was in a window of the Southland Supply building. The window had been opened and the screen pried away. At the time of his arrest appellant gave conflicting stories to the police officers as to why he had been in the building.

The company offices where the usual office equipment and supplies were kept were in the area adjacent to the open window. The owner of the Southland Supply Company testified that nothing had been taken and nothing inside the building had been disturbed. About a year previous to the breaking, the appellant had been employed for a few days by the Southland Supply Company.

Testifying in his own behalf, the appellant denied that he had been inside the building, and said he did not know why he had started into the building. He testified he did not intend to steal anything in the building.

While still testifying at the guilt or innocence stage of the trial, he related that he had two prior burglary convictions.

Under a number of decisions of this court, the act of breaking and entering a building in the nighttime raises a presumption that it was done with the intent to steal. Powell v. State, 475 S.W.2d 934 (Tex.Cr.App.1972); Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524 (1958); Roberts v. State, 375 S.W.2d 303 (Tex.Cr.App.1964); Bonner v. State, 375 S.W.2d 723 (Tex.Cr.App.1964) and Briones v. State, 363 S.W.2d 466 (Tex.Cr.App.1963).

The jury did not have to believe the testimony of the appellant that he did not intend to commit the offense of theft. We find the evidence sufficient to support the conviction.

In the appellant's second ground of error he complains that "The trial court committed reversible error when it refused to allow the appellant to testify as to what he had been convicted of burglarizing previously." The appellant does not designate the portion of the record to which he refers in this ground of error as required by Article 40.09, § 9, Vernon's Ann.C.C.P. Perusal of the record of the appellant's testimony reflects no informal bill of exception raising this alleged error. We perceive no error.

Appellant's remaining ground of error complains that "The district attorney misstated the elements of the offense to the jury." We find no objection in the record to the argument of which complaint is now made. The court fully charged on the law applicable to this case and charged the jury that it was bound to receive the law from the court. We find that there was no attempt to preserve the alleged error. Craig v. State, 480 S.W.2d 680 (Tex.Cr.App. 1972) and cases there cited.

The judgment is affirmed.

Opinion approved by the Court.