E. P. GOLLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 53005.

Court of Criminal Appeals of Texas.

June 29, 1977.

Rehearing Denied Sept. 14, 1977.

George A. Day, Brownwood, for appellant.

Gary R. Price, Dist. Atty. and W. Stephen Ellis, Asst. Dist. Atty., Brownwood, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of theft; the punishment is imprisonment for 10 years.

The appellant urges that the evidence is insufficient to support the conviction and there is a fatal variance between the allegations of the indictment and the evidence. He also urges that the trial court erred in admitting in evidence the record of appellant's prior conviction, in admitting in evidence the appellant's confession, and in

granting the State's motion in limine to exclude certain evidence.

■ The appellant was charged with stealing one head of cattle on September 1, 1974. He asserts the evidence is insufficient to show he stole one head of cattle, and he also asserts there is a variance between the allegation that he stole one head of cattle and proof showing that he stole portions of a dead cow. He cites and relies upon *Jackson v. State*, 62 Tex.Cr.R. 106, 136 S.W. 783 (1911); *Ballow v. State*, 42 Tex. Cr.R. 263, 58 S.W. 1023 (1900); and *Noble v. State*, 81 Tex.Cr.R. 28, 192 S.W. 1073 (1917). These appeals were decided under the former penal code.

Under former penal code provisions proscribing the stealing of cattle and hogs it was held that the theft contemplated by the statute was that of a live animal—not dead animals or portions of dead animals. *Grant v. State*, 42 Tex.Cr.R. 273, 58 S.W. 1026 (1900). However, if without consent of the owner of a cow or a hog, a person killed the cow or the hog and appropriated to his own use the dead animal or a portion of the dead animal, prosecution for the theft of the live cow or hog was proper. See *Clay v. State*, 41 Tex.Cr.R. 653, 56 S.W. 629 (1900); *Jackson v. State*, supra.

In this case two game wardens were parked on a hill in a rural area looking for game poachers. At approximately 11:10 p.m. on September 1, 1974, they observed an automobile being driven on a road they were watching; they saw it pull into a driveway, and then return down the same road. As the automobile was turning around they saw that the license plates had been covered with mud. There was one person in the automobile at that time. Approximately ten minutes later the same automobile returned with three persons in the automobile. One game warden testified that the area they were watching had a high incidence of game poaching, which usually occurred between 8:00 p.m. and 3:00 a.m. Poachers would usually drive along country roads using their headlights to spot and shoot deer. After an animal was shot one poacher would dress the animal while the other would ride around in the vehicle. At a prearranged time, normally five to ten minutes, the vehicle would return to pick up the companion and the animal. He stated that poachers often cover their license plates with mud. After observing this suspicious behavior the game wardens stopped the automobile in question. As they approached the automobile they observed a fresh spot of blood near the trunk. The wardens identified themselves and asked the driver to open the trunk. The driver opened the trunk which contained the forequarters and hindquarters of a Hereford cow. The wardens, one of whom had formerly been a butcher, testified that the meat appeared to be from a freshly killed cow and the hide was still attached to the quarters. After the appellant and his two companions were taken to jail, the game wardens and a deputy sheriff returned to the country to look for the cow's carcass. About an hour and a half after they arrested the appellant and his companions, they found the carcass inside the fence of a ranch approximately two and one half miles from where they had stopped the appellant. The forequarters and hindquarters had been cut from the animal and there was a single bullet hole between the cow's eyes. The blood had not coagulated. The meat was still red, the carcass was not bloated, and there were no flies on it. One game warden testified that he knew what happens to the bodies of dead animals that are exposed to the open air. He estimated that the cow had been dead for approximately two to three hours.

The appellant was properly charged with stealing the cow under the provisions of V.T.C.A. Penal Code, Sec. 31.03, just as it would have been proper under the former penal code. The evidence is sufficient to support the jury's verdict and to show that the appellant and others stole the cow. That the appellant and his companions had severed the quarters and were only in possession of the quarters when arrested does not create a variance.

Appellant contends the court erred in admitting evidence of a prior conviction at the

penalty stage of the trial. He argues that the records of the Texas Department of Corrections (State's Exhibit No. 18) were inadmissible because the State failed to prove that E. P. Gollin named in the penitentiary records was the appellant and the State failed to deliver a copy of the record to him a reasonable time before trial as required by Article 3731a, V.A.C.S.

State's Exhibit No. 18 was properly certified as an official record of the Texas Department of Corrections under Article 3731a, V.A.C.S., and was admitted as proof of a prior conviction at the penalty stage of the trial under Article 37.07(3), V.A.C.C.P. The exhibit contained a judgment, sentence, commitment, photographs, fingerprints, and a physical description of E. P. Gollin. The records show that E. P. Gollin was convicted of the felony offense of passing a forged instrument in Crosby County. Appellant contends the State failed to prove that he was the same person who is named in the State's Exhibit No. 18.

In *Cain v. State*, 468 S.W.2d 856 (Tex.Cr. App. 1971), it was stated:

"This Court has approved several different means to prove the accused was the same person previously convicted. They include, *but are not necessarily limited to* : (1) Testimony of a witness who identifies the accused as the same person previously convicted. *Garcia v. State*, 135 Tex.Cr.R. 667, 122 S.W.2d 631; *Brumfield v. State*, Tex.Cr.App., 445 S.W.2d 732; (2) Introduction of certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant. *Vessels v. State*, 432 S.W.2d 108; (3) and by stipulation or judicial admission of the defendant. *Brumfield v. State*, supra." (Emphasis added.)

The State attempted to prove that the appellant was the same person previously convicted by use of fingerprint comparison; however, because the State did not qualify its witness as an expert in fingerprint comparison, the State's attempt at fingerprint proof failed to establish that appellant was the same person previously convicted.

The three methods set out in *Cain v. State*, supra, are not the sole means of proving a prior conviction. In the case at bar Deputy Sheriff Dennis Weathermon testified that he was acquainted with the appellant E. P. Gollin. Weathermon testified that he had examined the photograph and physical description of E. P. Gollin in State's Exhibit No. 18 and in his opinion the person in the exhibit was the appellant. The photographs in the prison packet are two mug shots with a front and side view of E. P. Gollin. The physical description includes height, weight, complexion, eyes, hair, race, date of birth, and a cut scar on the right cheek. State's Exhibit No. 18 was admitted into evidence before the jury.

■ It has been held that the evidence is sufficient to prove that the accused is the same person named in a record in question where that record contains photographs and a detailed physical description of a named person and the accused is present in court for the fact finder to compare his appearance with that person described in the record. *Dorsett v. State*, 396 S.W.2d 115 (Tex. Cr.App. 1965) (same person previously convicted of driving while intoxicated); *Johnson v. State*, 410 S.W.2d 785 (Tex.Cr.App. 1967) (revocation of probation); *Ex parte Viduari*, 525 S.W.2d 163 (Tex.Cr.App. 1975) (extradition); *Ex parte O'Connor*, 169 Tex. Cr.R. 579, 336 S.W.2d 152 (1960) (extradition).

■ In the case at bar the appellant was present in court where both the judge and jury could observe him. The non-common name, photographs, and detailed physical description contained in State's Exhibit No. 18 matched the appellant. State's Exhibit No. 18 shows that E. P. Gollin is a Negro male, born on August 14, 1929 in Marion, Arkansas. The appellant states in his confession, which was admitted into evidence, that his name is Elisha Perry Gollin, that he is a Negro male and was born on August 14, 1929 in Marion, Arkansas. We hold that

the evidence was sufficient for both the trial court and the jury to conclude that appellant was the same person previously convicted. See *Conley v. State*, 390 S.W.2d 276 (Tex.Cr.App. 1965); *Westfall v. State*, 375 S.W.2d 911 (Tex.Cr.App. 1964); cf. *State v. Jones*, 103 Ariz. 580, 447 P.2d 554 (1968); *People v. Washington*, 243 Cal. App.2d 681, 52 Cal.Rptr. 668 (1966); *State v. Michael*, 361 S.W.2d 664 (Mo. 1962); *State v. Anderson*, 15 Or.App. 607, 517 P.2d 339 (1973).

Appellant also contends that State's Exhibit No. 18 was inadmissible because the State failed to deliver a copy of the record to him a reasonable time before trial as required by Article 3731a(3), V.A.C.S. When this objection was voiced the prosecutor informed the court that seven days before he had shown one of the appellant's attorneys a criminal history record from the Department of Public Safety. The record shows appellant's attorney was not given a copy of State's Exhibit No. 18. The State argues that this provided appellant's attorney with notice that appellant had a prior conviction.

█ Even though a copy of an official record is not delivered to the appellant a reasonable time before trial, the exhibit is nevertheless admissible in the absence of unfair surprise. *Sierra v. State*, 476 S.W.2d 285 (Tex.Cr.App. 1971), and cases cited therein. The appellant did not offer any evidence that he was unaware of the prior conviction. As was stated in *Sierra v. State*, supra, "It is difficult for members of the Court, without evidence to the contrary, to conclude that counsel and appellant did not know that appellant had been previously convicted of a felony offense . . . ." In the absence of a finding of unfair surprise or evidence establishing the same, no error is shown. *Tatum v. State*, 505 S.W.2d 548 (Tex.Cr.App. 1974).

Appellant contends the court erred in admitting his confession into evidence. The appellant was arrested on September 1, 1974, and taken before a magistrate on September 5, 1974; appellant gave his statement to Deputy Sheriff Weathermon

on September 5th, after he had been warned by the magistrate. Appellant argues that there seems to be a causal connection between the delay in taking him before a magistrate and his giving a statement because he was in jail for five days before he was taken before a magistrate and then he gave the statement immediately after hearing the magistrate's warning. Appellant also argues that the statement should not have been admitted because he was not given a copy of the original statement during pretrial discovery but was only given an unsigned, typewritten copy of the original statement.

█ After the jury had been selected the court held a hearing outside the presence of the jury in order to determine the voluntariness of appellant's confession. See Article 38.22, V.A.C.C.P., and *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The appellant did not testify at the hearing nor did he present any witnesses on his own behalf at the hearing. At the conclusion of the hearing the court found that the appellant's statement was freely and voluntarily given and was admissible as a matter of fact and law. The court's findings of fact and conclusions of law have been reduced to writing and made a part of the record.

The court found that the appellant was taken before Justice of the Peace Morgan on September 5, 1974, and advised of his rights as required by Article 15.17, V.A.C.C.P.; that the appellant understood the warnings given him; that he was not threatened or promised anything to give the statement; that he was not under fear or duress; and that the confession was voluntarily made and admissible as a matter of law and fact. The court's findings are supported by the evidence. The officer to whom the statement was given advised the appellant of his rights as provided in Article 38.22, V.A.C.C.P.

█ The appellant argues that the five day delay from the time of his arrest until being taken before a magistrate renders his confession inadmissible. He says there

seems to be a direct and causal connection between the delay in taking him before a magistrate and his giving the confession; however, no evidence or argument has been advanced which would show such a causal connection. In *Shadrick v. State*, 491 S.W.2d 681 (Tex.Cr.App. 1973), it was held that a delay of ten or eleven days from the time of arrest and the time the defendant was taken before a magistrate will not render a statement inadmissible in the absence of a showing in the record of a causal connection between the delay and the making of the defendant's statement. See also *Spencer v. State*, 489 S.W.2d 594 (Tex.Cr. App. 1973). No error is shown.

■ It is also urged that the confession should not have been admitted because the appellant and his attorney were not given a copy of the original confession which was admitted into evidence. The record reflects that appellant's attorney was given an unsigned, typewritten copy of the confession prior to trial. Other than being unsigned and typed, the copy given to the appellant is the same as the original confession, which was in the handwriting of Deputy Weathermon. The appellant has not shown nor even alleged how he was harmed or prejudiced by not receiving a copy of the original confession. No error is shown.

■ Appellant's remaining contention is that: "The trial court erred in granting a Motion to Suppress filed by the State which barred the Defense from mentioning in any manner any prior trial of any cause involving theft of animals, in that it is a violation of the appellant's right to confront and cross-examine his accusers, in that it is denial of the rights of the appellant to fully defend himself by the offering of testimony in his behalf." The appellant does not designate the portion of the record to which he refers. The appellant has made no showing by bill of exception what witnesses would have been called, what questions he would ask, and the answers he expected the witnesses to give. Nothing is presented for review. *Graham v. State*, 487 S.W.2d 359 (Tex.Cr.App. 1972); *Calverley v. State*, 511

S.W.2d 60 (Tex.Cr.App. 1974); *Weddle v. State*, 522 S.W.2d 475 (Tex.Cr.App. 1975).

The judgment is affirmed.

Opinion approved by the Court.