TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00670-CR







Frank Whitfield, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HARRIS COUNTY, 230TH JUDICIAL DISTRICT


NO. 793-997, HONORABLE BELINDA HILL, JUDGE PRESIDING 










 This is an appeal from a conviction for burglary of a habitation with the intent to
commit theft. See Tex. Penal Code Ann. § 30.02(a)(1) (West Supp. 2000). The jury found
appellant Frank Whitfield, Jr. guilty of the offense charged and that appellant had been previously
convicted of two felonies as alleged. The jury assessed appellant's punishment at imprisonment
for thirty-seven years.


POINTS OF ERROR


 Appellant advances four separate points of error. In the first two points, appellant
contends that the evidence is both factually and legally insufficient to support the jury's finding
of "true" to an enhancement paragraph of the indictment. In the last two points, appellant
challenges both the factual and legal sufficiency of the evidence to sustain the primary conviction
because "the State failed to prove that appellant entered the habitation." We will affirm.


FACTS



 James Lomax was the occupant of downstairs apartment no. 1105 in the Woodscape
apartment complex at 9707 South Gessner in Houston. On September 27, 1998, Lomax was out
of town when his habitation was broken into and certain items were taken. Upon his return,
Lomax found that a black golf bag, an alarm clock, a backgammon game, a VCR and the remote,
a bridge computer game, rare collectible coins, a pocket watch and chain, and a .22 caliber rifle
and a rifle bag were all missing. Lomax stated that he had never given consent to appellant to
enter his apartment or take any of the missing items.

 About 7:00 or 7:30 p.m. on the evening in question, Kevin Shorter was asleep in
his upstairs apartment no. 1106 of the Woodscape apartment complex. He was awakened by a
banging noise. Looking out of his second story window, he saw two bald-headed men, one tall
and the other short. The two men went underneath Shorter's balcony patio. Shorter opened the
door to his patio and looked down through the cracks in the flooring. A light was shining on the
heads of the two men below. Shorter had a clear view of their faces as the two men glanced
around. Shorter was able to later identify the taller man as appellant and the shorter man as
Herman Williams.

 Shorter saw appellant and Williams "jimmying" the patio door to the Lomax
apartment below with some type of tool. Shorter heard the screen door slide back and saw both
pairs of feet go into the Lomax apartment. Shortly thereafter, Shorter heard a noise coming from
Lomax's front door. Looking out the peephole in his own front door, Shorter saw Herman
Williams walking into the parking lot and then heard the noise of Lomax's front door being locked
from the inside. Shorter went back to his patio and saw appellant running down the back of the
apartments. From his stairs, Shorter observed appellant run to the corner and kneel down between
the hedges with a black bag in his hand. After appearing to look at Williams coming back through
the parking lot, appellant ran into another downstairs apartment, later shown to be apartment no.
1115. Williams also entered this apartment. While Shorter was observing these events, he was
on his cordless telephone talking with the police.

 Shortly thereafter, armed security guard Gerald Cadori arrived on the scene and
was told by Shorter where the two men were located. Suddenly, appellant came running out of
apartment no. 1115 and was ordered to the ground by Cadori. Shorter immediately identified
appellant as one of the men he had seen.

 About this time, Houston police officers arrived and were admitted into apartment
no. 1115 by Marsella Swopes. Williams was found inside. With Swopes's consent, the police
searched the apartment. Officer Jeff Noble discovered a black bag underneath a crib in the back
bedroom. Shorter identified this bag as the one appellant was holding when appellant was hiding
by the bushes. Rare coins and other items were found inside the bag. Officers also found a .22
caliber rifle and ammunition on the ground by the bushes outside.

 Herman Williams testified for the State. He was an accomplice witness as a matter
of law and the trial court so instructed the jury in its charge. Williams testified that he met
appellant when they did odd jobs together--like "moving people." They were supposed to do a job
on the date in question but did not. They went to apartment no. 1115 where appellant lived with
Marsella Swopes. Later, they entered the Lomax apartment but Williams reported that he became
scared and left via the front door. He subsequently admitted that he left the apartment to be a
lookout at appellant's request. When Williams saw appellant returning to apartment no. 1115, he
also went to that apartment. Inside, Williams heard the sound of loose coins emanating from the
kitchen where appellant was. He then saw appellant place a black bag in a crib in a bedroom. 
After appellant left the apartment to get cigarettes, Williams heard noises outside. He then
awakened Swopes, who answered the door when the police knocked. Williams later entered into
a plea bargain and received a three-year sentence for his participation in the offense.


LEGAL SUFFICIENCY



 In the third point of error, which we shall consider first, appellant challenges the
legal sufficiency of the evidence to sustain his conviction.

 In determining whether the evidence is legally sufficient to support the judgment,
we view the evidence in the light most favorable to the judgment, asking whether any rational trier
of fact could have found beyond a reasonable doubt all the essential elements of the offense
charged. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Lane v. State, 933 S.W.2d 504, 507
(Tex. Crim. App. 1996); Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994).

 The evidence, viewed in this light, and all reasonable inferences drawn therefrom
are evaluated in this review. See Alvarado v. State, 912 S.W.2d 199, 207 (Tex. Crim. App.
1995). A reviewing court must consider all evidence, rightly or wrongly admitted, which the trier
of fact was permitted to consider. See Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim. App.
1996); Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The standard of review
is the same for both direct and circumstantial evidence cases. See Green v. State, 840 S.W.2d
394, 401 (Tex. Crim. App. 1992). Appellate courts measure the legal sufficiency of the evidence
against a hypothetically correct charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). In analyzing a challenge to the legal sufficiency of the evidence, the reviewing court
does not realign, disregard, or weigh the evidence. See Rodriguez v. State, 939 S.W.2d 211, 218
(Tex. App.--Austin 1997, no pet.). The jury as the trier of fact is the sole judge of the credibility
of the witnesses and the weight to be given the testimony, and may accept or reject all or any of
any witness's testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); 
Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). Reconciliation of evidentiary
conflicts is solely the function of the trier of fact. See Miranda v. State, 813 S.W.2d 724, 733-34
(Tex. App.--San Antonio 1991, pet. ref'd); Juarez v. State, 796 S.W.2d 523, 524 (Tex.
App.--San Antonio 1990, pet. ref'd). 

 Recognizing the above standard of review, appellant simply asserts without further
argument that the State failed to prove that appellant entered the habitation of James Lomax or to 
corroborate the testimony of the accomplice witness, Herman Williams. Shorter saw appellant and
Williams enter the Lomax apartment and saw appellant running from the apartment with a black
bag shown to have belonged to Lomax and filled with Lomax's personal possessions. This
evidence clearly corroborated Williams's testimony that he and appellant entered the Lomax
apartment. See Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). 

 Viewing the evidence in the light most favorable to the verdict, we conclude that
a rational trier of fact could have found, beyond a reasonable doubt, all the essential elements of
the offense charged. See Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). The
third point of error is overruled.


FACTUAL SUFFICIENCY



 In his fourth point of error, appellant challenges the factual sufficiency of the
evidence to sustain his conviction. A review of the factual sufficiency of the evidence begins with
the presumption that the evidence supporting the judgment of conviction was legally sufficient. 
See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In a challenge to the factual
sufficiency of the evidence, we view the evidence without employing the prism of "in the light
most favorable to the prosecution." Id. at 129; Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd untimely filed). A reviewing court must consider all the evidence
impartially, comparing evidence that tends to prove the existence of a disputed fact or facts with
evidence that tends to disprove that fact or those facts. See Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997). The verdict is to be set aside only when the factual finding is
against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. 
See Clewis, 922 S.W.2d at 129. In the factual sufficiency analysis, it must be remembered that
the trier of fact is the sole judge of the weight and credibility of the testimony. See Santellan, 939
S.W.2d at 164. Appellate courts should be on guard not to substitute their own judgment in these
matters for that of the trier of fact. See id. The reviewing court's evaluation should not
substantially intrude upon the fact finder's role. See Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996); see also Johnson v. State, 23 S.W.3d 1, 8-9 (Tex. Crim. App. 2000). A
decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence
in favor of the State. See Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). 

 In support of his factual sufficiency argument, appellant again asserts that there is
no evidence to show appellant entered the Lomax apartment and that Williams's testimony was
not corroborated as required by the court's charge. Appellant fails to point to any evidence in
dispute. We have examined all the evidence impartially, and giving due deference to the jury's
verdict, we conclude that the verdict is not so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. The fourth point of error is overruled.


PROOF OF IDENTITY--PRIOR CONVICTION



 In his first two points of error, appellant contends that the evidence is factually and
legally insufficient to prove one of the two prior Harris County convictions alleged for the
enhancement of punishment. See Tex. Penal Code Ann. § 12.42(d) (West Supp. 2000). The
indictment alleged that appellant had been previously convicted of the felony offense of burglary
of a motor vehicle in the 338th District Court on October 3, 1989, in Cause No. 541316. The
other prior conviction alleged was for the felony offense of attempted burglary of a habitation in
the 180th District Court on December 30, 1992, in Cause No. 652769. Appellant does not
challenge the proof of this 1992 conviction in Cause No. 652769, but urges that the State's proof
failed to identify him as the person convicted in 1989 in Cause No. 541316.

 Ronald Cherry, Harris County deputy sheriff, testified he was assigned to the
Inmate Records Section of the sheriff's office where he was the custodian of the records. He
identified State's Exhibit No. 29 as the original jail card record in Cause No. 541316, an offense
involving a burglary of a motor vehicle. Deputy Sheriff R.L. Shield's qualifications as a
fingerprint expert were established. Shield testified that he had taken appellant's fingerprints on
the day Shield testified at the penalty stage of the trial. He related that appellant's known
fingerprints, State's Exhibit No. 32a, matched the fingerprints on the jail card relating to Cause
No. 541316--the burglary of a motor vehicle conviction. He further related that appellant's known
fingerprints matched the fingerprints in the pen packet in Cause No. 652769--the conviction for
attempted burglary of a habitation. The State introduced the certified copy of the judgment and
sentence in Cause No. 541316, and also had admitted into evidence, over objection, a certified
copy of the pen packet in Cause No. 541316 as State's Exhibit No. 31. In this exhibit was a
photograph of a Frank Whitfield along with his physical description and a set of fingerprints.(1) 

 The State has the burden of proving beyond a reasonable doubt a prior conviction
alleged for the enhancement of punishment. See Ex parte Augusta, 639 S.W.2d 481, 484 (Tex.
Crim. App. 1982), overruled on other grounds, Bell v. State, 994 S.W.2d 173, 175 (Tex. Crim.
App. 1999). Proof that the defendant has the same name as the person previously convicted is not
sufficient to satisfy the prosecution's burden. See Bullard v. State, 533 S.W.2d 812, 816 (Tex.
Crim. App. 1976).

 There are a number of means that may be used to prove prior convictions alleged
for the enhancement of punishment. See Littles v. State, 726 S.W.2d 26, 31 (Tex. Crim. App.
1987) (op. on reh'g); Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986). The approved
methods of proof of identity set forth in various cases are certainly not exclusive and may often
include the use of a combination of methods. See Beck, 719 S.W.2d at 210; 42 George E. Dix
& Robert O. Dawson, Criminal Practice and Procedure, § 38.89 at 668 (Texas Practice 1995)
(hereinafter Dix). 

 A prior conviction may be established by certified copies of a judgment and
sentence along with authenticated copies of a prison packet including, inter alia, fingerprints,
supported by expert testimony matching the prison packet's fingerprints to the known prints of the
defendant. See Beck, 719 S.W.2d at 210; Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.--San
Antonio 1998, pet. ref'd). This is currently the most popular method of proving prior convictions,
but it is only one such method. The prosecution may employ other methods such as (1) offering
the eyewitness testimony of a person who witnessed the prior conviction and identifies the
defendant as the person previously convicted; (2) stipulations and the judicial admissions of a
defendant; or (3) matching a photograph of the defendant in a prison packet or other official record
to the defendant at trial. See Zimmer, 989 S.W.2d at 50 (citing Littles, 726 S.W.2d at 31).

 In the instant case, certified copies of the judgment and sentence in cause No.
541316 were offered into evidence. The jail card relating to Cause No. 541316 bore the
fingerprints of the defendant, Frank Whitfield, Jr. The card was admitted into evidence. The
fingerprint expert stated that the card's prints matched the known fingerprints of appellant Frank
Whitfield, Jr. In addition, the authenticated prison packet in cause No. 541316 was admitted into
evidence containing a photograph of Frank Whitfield, Jr. and his physical description. See Gollin
v. State, 554 S.W.2d 683, 686 (Tex. Crim. App. 1977). Identity can be proved by the trier of fact
comparing the appearance of the defendant with a photograph associated with the prior conviction,
even without a physical description accompanying the photograph. See Littles, 726 S.W.2d at 32;
Dix, § 38.89 at 668 n.9.

 Proof that an accused is the same person named in the alleged prior conviction can
sometimes resemble "pieces of a jigsaw puzzle." See Human v. State, 749 S.W.2d 832, 835-36
(Tex. Crim. App. 1988). Proof, even though "unorthodox," may be sufficient. See Littles, 726
S.W.2d at 32.

 This Court is to conduct a legal sufficiency review of an enhancement issue at the
penalty stage of the trial under the standard of Jackson, 443 U.S. at 319; cf. Barnes v. State, 876
S.W.2d 316, 322 (Tex. Crim. App. 1994). We must view the evidence in the light most favorable 
to the jury's finding of "true" as to the prior conviction allegations concerning cause No. 541316. 
In doing so, we conclude that any rational trier of fact could have found the prior conviction
allegations to be true beyond a reasonable doubt. 

 In reviewing the factual sufficiency of the evidence concerning the prior conviction
in Cause No. 541316, we are not bound to view the evidence as to the prior conviction in the light
most favorable to the jury's finding of "true," and may consider the testimony of the defense and
the existence of alternative hypothesis. See Clewis, 922 S.W.2d at 134; Stone, 823 S.W.2d at
381. However, the jury's finding of "true" should not be set aside unless it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Stone, 823 S.W.2d
at 381. In this cause, the jury's finding of "true" is not so contrary to the evidence as to be set
aside under the above described standard of review for factual sufficiency.

 Appellant's first and second points are overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice


Before Justices B. A. Smith, Yeakel and Onion*


Affirmed


Filed: October 12, 2000


Do Not Publish










* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Govt Code Ann. § 74.003(b) (West 1998).

1. In argument, the prosecutor told the jury that the fingerprints on State's Exhibit No. 31
"aren't very good." This was apparently to explain why the State had not asked Shield about the
fingerprints that are found in State's Exhibit No. 31.


ice and Procedure, § 38.89 at 668 (Texas Practice 1995)
(hereinafter Dix). 

 A prior conviction may be established by certified copies of a judgment and
sentence along with authenticated copies of a prison packet including, inter alia, fingerprints,
supported by expert testimony matching the prison packet's fingerprints to the known prints of the
defendant. See Beck, 719 S.W.2d at 210; Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.--San
Antonio 1998, pet. ref'd). This is currently the most popular method of proving prior convictions,
but it is only one such method. The prosecution may employ other methods such as (1) offering
the eyewitness testimony of a person who witnessed the prior conviction and identifies the
defendant as the person previously convicted; (2) stipulations and the judicial admissions of a
defendant; or (3) matching a photograph of the defendant in a prison packet or other official record
to the defendant at trial. See Zimmer, 989 S.W.2d at 50 (citing Littles, 726 S.W.2d at 31).

 In the instant case, certified copies of the judgment and sentence in cause No.
541316 were offered into evidence. The jail card relating to Cause No. 541316 bore the
fingerprints of the defendant, Frank Whitfield, Jr. The card was admitted into evidence. The
fingerprint expert stated that the card's prints matched the known fingerprints of appellant Frank
Whitfield, Jr. In addition, the authenticated prison packet in cause No. 541316 was admitted into
evidence containing a photograph of Frank Whitfield, Jr. and his physical description. See Gollin
v. State, 554 S.W.2d 683, 686 (Tex. Crim. App. 1977). Identity can be proved by the trier of fact
comparing the appearance of the defendant with a photograph associated with the prior conviction,
even without a physical description accompanying the photograph. See Littles, 726 S.W.2d at 32;
Dix, § 38.89 at 668 n.9.

 Proof that an accused is the same person named in the alleged prior conviction can
sometimes resemble "pieces of a jigsaw puzzle." See Human v. State, 749 S.W.2d 832, 835-36
(Tex. Crim. App. 1988). Proof, even though "unorthodox," may be sufficient. See Littles, 726
S.W.2d at 32.

 This Court is to conduct a legal sufficiency review of an enhancement issue at the
penalty stage of the trial under the standard of Jackson, 443 U.S. at 319; cf. Barnes v. State, 876
S.W.2d 316, 322 (Tex. Crim. App. 1994). We must view the evidence in the light most favorable 
to the jury's finding of "true" as to the prior conviction allegations concerning cause No. 541316. 
In doing so, we conclude that any rational trier of fact could have found the prior conviction
allegations to be true beyond a reasonable doubt. 

 In reviewing the factual sufficiency of the evidence concerning the prior conviction
in Cause No. 541316, we are not bound to view the evidence as to the prior conviction in the light
most favorable to the jury's finding of "true," and may consider the testimony of the defense and
the existence of alternative hypothesis. See Clewis, 922 S.W.2d at 134; Stone, 823 S.W.2d at
381. However, the jury's finding of "true" should not be set aside unless it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Stone, 823 S.W.2d
at 381. In this cause, the jury's finding of "true" is not so contrary to the evidence as to be set
aside under the above described standard of review for factual sufficiency.

 Appellant's first and second points are overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice


Before Justices B. A. Smith,