Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00112-CR

Vincent Edward **MCGARITY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-2690
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  February 23, 2011

AFFIRMED

Vincent Edward McGarity challenges his conviction for aggravated robbery.  In his sole issue on appeal, McGarity contends the trial court erred in enhancing his sentence because the State failed to proffer sufficient documentation of a prior conviction and he did not plead true to the enhancement.  We affirm the judgment of the trial court.

McGarity was convicted by a jury of aggravated robbery and elected the trial court to sentence him.  The indictment contained an enhancement paragraph alleging that McGarity was

previously convicted of possession of cocaine on February 1, 1990, in cause number 88-CR-2440. At punishment, McGarity pleaded "not true" to the enhancement allegation. The State sought to admit the "pen packet" in cause number 88-CR-2440. Defense counsel objected, stating the State failed to establish a prior felony conviction. The trial court overruled the objection and admitted State's Exhibit 1. After hearing additional evidence, the trial court found the enhancement to be true and sentenced McGarity to fifteen years of confinement.

On appeal, McGarity argues the trial court erred in enhancing his sentence because the State failed to proffer sufficient documentation of a prior felony conviction and he did not plead true to the enhancement allegation. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) ("To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction."). McGarity specifically complains that the record does not contain State's Exhibit 1, the document relied on by the trial court in enhancing his sentence. After this appeal was set at issue, however, the parties filed a "Notice of Agreed Record" containing a copy of the pen packet that was introduced into evidence as State's Exhibit 1. *See* TEX. R. APP. P. 34.6(f)(4) (lost portion of reporter's record may be replaced by agreement of the parties).

The first page of the pen packet is an affidavit of the Chairman of Classification and Records for the Texas Department of Criminal Justice — Correctional Institutions Division, certifying the attached documents as true and correct copies of the original records pertaining to inmate "McGarity, Vincent, TDCJ/BPP# 553835 cause# 88CR2440." The second page shows two photographs of a male individual, a front view and a side view, bearing the number 553835 and the date of June 1990. The pen packet also includes the "Judgment Adjudicating Guilt" in Cause No. 88-CR-2440, styled "The State of Texas vs. Vincent Edward McGarity." The

judgment was signed by the Honorable Phil Chavarria, Jr., presiding judge of the 175th Judicial District Court, Bexar County, Texas on March 5, 1990, and recites that McGarity was placed on probation on October 13, 1988 for the offense of possession of cocaine which he committed on April 10, 1988. Because McGarity pleaded "true" to violating condition # 17, he was sentenced to three years in the Texas Department of Corrections (TDC) on February 1, 1990. Attached to the "Judgment Adjudicating Guilt" are the underlying judgment and sentence. The Judgment reflects that on July 25, 1988, McGarity pleaded guilty to the felony offense of possession of cocaine, which was committed on April 10, 1988, and was sentenced to confinement in TDC for a term of three years. Also included in the pen packet is the "Order Revoking Deferred Adjudication – Felony" in cause number 88-CR-2440, which revokes the deferred adjudication previously granted to McGarity based upon the violation of Condition # 17 as alleged in the Motion to Revoke Deferred Adjudication. The order is signed on May 7, 1990 and recites that the Motion to Revoke was heard on February 1, 1990. The last page of the pen packet is a fingerprint card bearing numerous fingerprints. The fingerprint card contains McGarity's date of birth, sex, race, height, eye color, hair color, and skin tone, as well as his TDCJ-ID number.

Although the State failed to link McGarity to the conviction contained in the pen packet by way of fingerprint testimony or other evidence of identity, the trial court had before it sufficient evidence to link McGarity to the conviction contained in the enhancement allegation. Specifically, the trial court was able to compare the pen packet's photographs and description of height, weight, eye and hair color and skin tone to McGarity's physical appearance at trial. *See Gollin v. State*, 554 S.W.2d 683, 686-87 (Tex. Crim. App. 1977) (holding State may prove prior conviction for enhancement purposes by matching photograph and physical description of defendant in pen packet to defendant at trial), *overruled on other grounds by Littles v. State*, 726

S.W.2d 26 (Tex. Crim. App. 1984) (op. on reh'g). Thus, we conclude the pen packet satisfied the State's burden of proving both McGarity's prior conviction and his identity as the person convicted. *See Flowers*, 220 S.W.3d at 921-22 (providing that although there is no specifically required document or mode of proof to prove a prior conviction, the State may satisfy its burden by documentary proof containing sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted). A reasonable trier of fact viewing the pen packet could find beyond a reasonable doubt that 1) the alleged prior possession conviction existed and 2) this conviction is linked to McGarity. *See id.* at 924. Because the evidence supporting the prior conviction was sufficient, the trial court did not err in enhancing McGarity's sentence.

Based on the foregoing, McGarity's sole issue on appeal is overruled and the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

Do not publish